**GOTTLIEB, a Taxpayer, Plaintiff-Appellee, v. KRYZAN, Mayor et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3965.   Decided January 13, 1958.

Edward L. Williams, W. Glenn Osborne, Youngstown, for plaintiff-appellee.

Felix S. Mika, Director of Law, Frank J. Battisti, Asst. Director of Law, Youngstown, for defendants-appellants.

**OPINION**

Per CURIAM.

Defendants, the Mayor of the City of Youngstown, a municipal corporation, its finance director, members of its civil service commission, and the manager of the Youngstown Municipal Airport, appeal on questions of law from a judgment of the court of common pleas entered for plaintiff, a taxpayer, in his action brought against defendants to restrain defendant Scheetz from continuing as manager of Youngstown Municipal Airport on the ground that defendant Scheetz's appointment by the Mayor violated the Civil Service Laws of Ohio; to restrain the

Finance Director from paying further salary to defendant Scheetz; to compel the Civil Service Commission to recertify to the Mayor the names of three candidates as eligible for appointment which were certified originally following an examination held on April 26, 1956; to restrain defendant Mayor from interferring with any candidate certified as eligible; and to restrain defendant Mayor from interferring with the discretion of defendant members of the Civil Service Commission.

Pending an examination by the Civil Service Commission defendant Scheetz was provisionally appointed without examination and certification of the Civil Service Commission by the Mayor on April 1, 1954.

Two candidates passed and defendant Scheetz failed to pass the examination held on December 10, 1954. The mayor refused to appoint either of the two successful candidates on the ground that the list certified to him contained but two names and §143.20 R. C., requires certification of three names, and defendant Scheetz continued in office until a new list was certified as the result of a further examination.

In the examination held on April 26, 1956, defendant Scheetz stood sixth of eight candidates in order of grade. In accordance with the provisions of §143.20 R. C., the Civil Service Commission certified the names of the three candidates having the highest grades as eligible for appointment.

On August 27, 1956, the Mayor requested further certification by the Commission and attached to his letter of request the four "voluntary waivers" of the candidates ranking first, second, fourth and fifth in grade who had waived appointment. Defendant Scheetz name appeared on the new list and the Mayor appointed him manager.

There is evidence sufficient to warrant the trial judge holding that the Mayor used persuasion, political influence, coercion, and inducement to bring about the waivers by the four candidates who withdrew.

The trial judge overruled correctly defendants' demurrer to plaintiff's petition filed on the ground that plaintiff has no legal capacity to sue, and that his petition does not state facts which show a cause of action, and correctly heard the case from which this appeal is perfected on its merits.

By assigned grounds of error defendants contend:—

"1. The court erred in finding that Frank X. Kryzan, as Mayor of the City of Youngstown, had no right or authority to request from the Civil Service Commission a second list of candidates eligible for appointment to the position of Manager of the Youngstown Municipal Airport.

"2. The court erred in finding that the appointment of Donald L. Scheetz to the position of Manager of the Youngstown Municipal Airport was illegal.

"3. The court erred in finding that waivers submitted by candidates eligible for appointment to the position of Manager of the Youngstown Municipal Airport were not valid for all purposes of the Civil Service laws.

"4. The court erred in finding that the circumstances attending the execution of waivers by candidates eligible for appointment as Manager of the Youngstown Municipal Airport rendered the waivers presented

to the Civil Service Commission invalid and ineffective for the purpose of reducing the first certified list.

"5. The court erred in failing to apply the standard of conduct set forth in §143.45 R. C.

"6. The court erred in basing the judgment on issues not argued at the trial."

The Mayor did not appoint either of the three persons whose names were certified to him as the result of the examination of April 26, 1956, but on August 27, 1956, requested further certification for appointment. Thus for nearly four months the Mayor failed to follow the mandatory language of §143.20 R. C., that "he shall fill such position by appointment of one of the three persons certified to him," one of whom, Magrini, did not waive.

In the examination of April 26, 1956, the Mayor had the opportunity of choosing between three candidates, and as stated by the trial judge in his opinion:—

"* * * Both of the withdrawals were induced by him and he can thus not by his own action reduce the certified list to one name and then take the position that he has no choice between three candidates.

"Having failed to follow the mandatory provision of the statute, the mayor had no right to request a second certified list or to appoint from it. To decide otherwise would not only be contrary to the spirit of the Civil Service laws but contrary to its letter and would give the mayor power by his own conduct to avoid his mandatory duty."

As the trial judge we conclude:—

"It is not necessary to decide what would have been the situation if the withdrawals from the first list had not been induced by the mayor, or whether Magrini, who did not withdraw, should have been appointed under the circumstances as they were. I simply hold that the mayor was bound to make an appointment from the list first certified to him and that he had neither the right to request nor to appoint from a second list. His appointment of Scheetz was therefore invalid."

As to relief we concur in the finding and judgment of the trial judge as shown by his opinion on the merits that:—

"* * * this being a taxpayer's action, under §733.59 R. C., upon failure of the Law Director to apply for an injunction to restrain the misapplication of public funds of the city under §733.56 R. C., I confine myself to an order of permanent injunction restraining the defendant Bernard as Finance Director of the city, from paying the salary of Scheetz. Costs will be adjudged against the defendants, other than the members of the Civil Service Commission."

Concluding that no error prejudicial to the defendants intervened in the trial court in the respects urged by them in their assigned grounds of error the judgment of the trial court must be and is affirmed.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.