STATE OF TENNESSEE ex rel. R. ALAN ATKIN

*v.*

CITY OF KNOXVILLE, et al.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

Rehearing Denied July 11, 1958.

Joe C. Thomason, Knoxville, for plaintiff in error.

R. C. Smith, Jr., Knoxville, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff in error, Atkin, sues the City of Knoxville, the Mayor, Hon. J. W. Dance, and Roy I. Gentry, Director of the Department of Public Service etc., seeking an alternative writ of *mandamus* to compel his restoration to the position of Airport Manager in the Department of Public Service of Knoxville, the airport being known as McGee-Tyson air field. The charge is made in the petition that the said petitioner was a civil service employee and he was illegally discharged by the Director of Public Service.

The defendants answered the petition and averred that the relator had not acquired civil service status at any time; that he was illegally employed in that he stood a civil service examination and was certified for employment as Manager of the City Airport in violation of the provisions of the Charter of the City of Knoxville.

The Civil Service Board's powers and duties are set forth in Section 65 of the City Charter and are purely administrative. It provides that an applicant to take a civil service examination must state that he or she is not related either by affinity or consanguinity within the fourth degree to any members of the Civil Service Board or the Directors of the City Departments. It is conceded that the relator was related to the City Director of Public Welfare for the City of Knoxville, he being the father of the relator.

The only question presented for our consideration is whether or not this petitioner had acquired civil service status. If he was not eligible to take the examination

for civil service employment, it results that his employment was illegal from its inception and also that the Circuit Court was without authority to order his restoration to the position from which he was discharged.

"A valid appointment can' only be made *by due observation of the civil service rules,* and must be made from the appropriate eligible list." (Emphasis supplied). McQuillin on Municipal Corporations, 3rd Ed., Vol. 3, Sec. 12.80.

The cases cited by the author in support of the foregoing text are numerous:

" 'The methods prescribed by charter for the making of appointments in the civil service are mandatory and controlling.' *Campbell v. Board of Civil Service Com'rs of City of Los Angeles,* 76 Cal.App.2d 399, 173 P.2d 58.

\* \* \* \* \* \* \*

"No position shall be filled in civil service except in accordance with the Civil Service Acts. It is a condition precedent to permanency that the conditions of the articles be followed, for otherwise the quality of public service would be impaired rather than promoted. Any employment which in its inception violates these prerequisites is illegal, and council cannot endow appointee with permanency of tenure by its own inaction, or by the action of a representative of the municipality. *Healey v. Jones,* 152 Pa.Super. 18, 30 A.2d 732.

\* \* \* \* \* \* \*

"On cannot assert any right to continue to hold a position to which he was not appointed in accordance with provisions of Civil Service Law. *Wolff v. Hodson,* 285 N.Y. 197, 33 N.E.2d 90."

The authorities cited by the plaintiff in error are not applicable here because they relate to a collateral attack on the official acts of the Civil Service Board. They do not control the issue now before us.

The opinion of the learned trial judge, Hon. John M. Kelly, in disposing of the case, is so clear and concise that we here quote it and adopt the same as the opinion of this Court:

"A verdict for the defendant was directed in this case and plaintiff has moved for a new trial. The action of the court was based chiefly upon undisputed proof that the relator R. Alan Atkin was the son of Arthur Atkin, who was Director of Public Welfare of the City of Knoxville at the time the relator was certified by the Civil Service Board to the Director of Public Service as being eligible for, and also when he was appointed to the position of Airport Manager.

"The court's action was based further upon the provision of Section 65 of the Charter of the City of Knoxville which states:

" 'No applicant for examination shall be permitted to stand an examination until he shall have produced before said civil service board satisfactory evidence that he is a man of good moral standing and character in the City of Knoxville; that he is not related either by affinity or consanguinity within the fourth degree to the members of the civil service board or the directors of the departments, or to any other person having a vote or voice in his election or appointment to office.'

"The evidence showed that the relator stated in his application that Arthur Atkin was his father; yet

after the examination was taken and passed the civil service board with knowledge of the fact of such relationship nevertheless certified the relator for the job.

"The relator's contention is that the civil service board has discrimination to waive the charter requirement that an applicant must not be 'related * * * to the directors of the departments, etc.'; and that the defense made here is a collateral attack upon the board's action appointing relator.

■ "The civil service board has no discretion and no authority to set aside or waive a positive requirement of a charter provision. If the board could waive this charter prohibition of nepotism, then the board could just as well waive the requirement of good moral standing and character; and the requirement that the board should act without partisan distinction or control; or the provision with reference to preferential credit points for ex-service applicants taking the examinations.

■ "Charter provisions are mandatory. They must be strictly not just substantially, complied with. The civil service board may not waive those charter provisions requiring evidence of good moral character and non-relationship to a department director. Having had no legal status that would enable the relator to maintain this action, the defendant city might properly interpose the defense of a relationship status prohibited by the charter. Such defense would not constitute a collateral attack on the action of the civil service board because the act of certification, as well as the subsequent act of appointment for more than the per-

missive thirty days period, were illegal from the outset.

"The motion for a new trial will be overruled."

The assignment of error that the trial judge was in error is overruled. The judgment of the Circuit Court is affirmed.