Ray M. Bradley, et al., Constituting the Quarterly
Court of Hamblen County, Tennessee

*v.*

State of Tennessee ex rel. George Haggard, Jr.,
et al.

438 S.W.2d 738.

(*Knoxville,* September Term, 1968.)

Opinion filed February 28, 1969.

JOHN F. DUGGER, Morristown, for plaintiffs in error.

JAMES K. MILLER, Morristown, for defendants in error.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The State of Tennessee on behalf of George Haggard, Jr., et al., adult, voting, citizens of Morristown, Hamblen County, Tennessee, petitioned the Circuit Court for a writ of mandamus ordering the Hamblen County Quarterly Court to reapportion itself. The petition for mandamus alleged that Hamblen County is divided into five civil districts, the first of which is identical to the boundaries of the City of Morristown. The four remaining civil districts are all outside the limits of Morristown and are entirely rural. The present formula for the election of Quarterly Court members entitles the voters in each civil district to elect two persons from their district to membership on the court. Furthermore, each incorporated town is entitled to have an additional representa-

tive on the court and the county seat is entitled to still another.

Morristown is the county seat of and the sole incorporated city in Hamblen County. The composition of the Quarterly Court includes four members from the first civil district (Morristown) and two members from each of the four remaining civil districts. Total court membership is twelve. The first civil district with four representatives has a population of 28,000. Civil districts two through five have a combined population of 10,000, approximately evenly distributed among the districts.

The alleged powers of the Quarterly Court include but are not limited to the authority to determine the tax rate, levy taxes, borrow money, issue bonds, set the county budget, to appropriate money for such projects as schools and highways, and to set the boundaries of the districts from which its members are elected.

The complaint of the plaintiffs is that the foregoing alleged facts show that the present apportionment of the Quarterly Court denies them equal protection of the laws because their votes are worth less representation on the Quarterly Court than are the votes of residents of civil districts two through five.

The defendants, members of the Hamblen County Quarterly Court, entered a demurrer that was overruled by the trial judge. A discretionary appeal was granted.

■ The substantive issues in the present appeal are, whether the petition states a cause of action, and, if it does, is mandamus the appropriate remedy? Before reaching the points of substance one jurisdictional question should be mentioned. Although a petition for man-

damus is strictly common law form of action the pleading and practice concerning this action have evolved to the point that today they conform to equity practices. On that basis this Court has jurisdiction under T.C.A. 27-305 to hear the discretionary appeal.

■ The facts contained in the plaintiffs' declaration, taken as true for the purpose of testing the demurrer, reveal that the Hamblen County Quarterly Court is a body with general governmental powers over the entire county. Each magistrate from civil districts two through five represents approximately 1,250 persons while each of the first civil district magistrates represents approximately 7,000 persons. According to *Avery v. Midland County*, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 [1968], the plaintiff has stated a cause of action. *Avery*, supra, reads that:

"* * * the [United States] Constitution permits no substantial variation from equal population in drawing districts for units of local government having general governmental powers over the entire geographic area served by the body."

■ The *Avery* case, supra, means that the Equal Protection clause of the Fourteenth Amendment requires that in electing representatives to a unit of government with general powers that the vote of each citizen within the geographical jurisdiction of the governmental unit must have the same weight. In more familiar terms, one man—one vote.

■ The defendants argue that even though the plaintiffs are entitled to relief, mandamus is not the correct remedy. The crux of the defendants' contention is that mandamus can be used to compel a public official

to perform only ministerial and not discretionary acts. They conclude that since redistricting requires the exercise of discretion by the members of the Quarterly Court, redistricting is a discretionary act which mandamus cannot compel. The defendants' argument is invalid. Regardless of the amount of judgment involved in redistricting, the decision whether or not to redistrict is not discretionary with the Quarterly Court. In the legal sense an act is discretionary when an official has the lawful authority to determine of his own will whether or not he will perform the act. When the performance of an act is discretionary in the sense referred to above the only legal duty of the official is to exercise his discretion which he can do by either performing or declining to perform the act. When the performance of an act is truly discretionary, a writ of mandamus can only compel the official to exercise his discretion one way or another, it cannot dictate how the discretion is to be exercised.

■■ Whether mandamus can be used to compel the Hamblen County Quarterly Court to reapportion itself depends on whether the members of the court have a legal duty to reapportion. The object of a writ of mandamus is to compel an official to perform an act which he has a legal duty to perform. When the details of performance require a public official to exercise judgment he may be compelled by mandamus to perform the duty but his judgment concerning the details of performance is left unfettered.

■ Clearly, the *Avery* case, supra, imposes a duty on the Hamblen County Quarterly Court to reapportion itself if the plaintiffs' allegations are correct. Reapportionment is not discretionary with the court members

although they will be required to use their own judgment to work out the new district boundaries. Mandamus is the proper method to compel the magistrates to perform their constitutional duty to reapportion the Quarterly Court on a one man one vote basis. Since anyone of several redistricting patterns would fulfil constitutional requirements the decision of which pattern to adopt is left to the judgment of the Quarterly Court with the only requirement that the new districts must be drawn on a basis of equal population.

The General Assembly of Tennessee provided by the passage in 1968 of T.C.A. sec. 5-111 that all county courts shall reapportion themselves along population lines prior to 1972. Although the General Assembly should be commended for taking this step toward implementation of the concept of one man—one vote, the act does not relieve the present violation of the plaintiffs' constitutional rights. The order overruling the demurrer is sustained.