IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002

## DAN BILL JOHNSON v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-3114-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2001-02424-COA-R3-CV - Filed November 25, 2003**

---

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding historical sentencing information contained in his records. The prisoner filed a petition for writ of mandamus in the Chancery Court for Davidson County seeking an order directing the Department to remove an outmoded release eligibility date from his records and to certify him as eligible for parole. The trial court granted the Department's motion for summary judgment, and the prisoner has appealed. We affirm the judgment because the manner in which the Department maintains its records is not a ministerial function and because the prisoner does not have a legal right to require the Department to maintain his records in any particular way.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Dan Bill Johnson, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

### OPINION

### I.

In June 1988, Dan Bill Johnson received a life sentence as a habitual criminal after a Shelby County jury convicted him of burglarizing a restaurant in Memphis.[1] At that time, persons receiving a life sentence became eligible for parole after serving thirty years. However, the newly created Parole Eligibility Review Board declared Mr. Johnson parole-eligible in 1992, and he was paroled in August 1994. Subsequently, he was arrested for aggravated robbery in Hamilton County in December 1997 and received a five-year sentence to be served consecutively to his 1988 life sentence.

---

[1]This conviction was later affirmed. *State v. Johnson*, No. 61, 1989 WL 86573 (Tenn. Crim. App. Aug. 2, 1989), *perm. app. denied* (Tenn. Dec. 4, 1989).

As a result of the robbery conviction, the Tennessee Board of Paroles revoked Mr. Johnson's earlier parole, and he resumed serving his 1988 life sentence. Eventually, the Board determined that Mr. Johnson would be paroled from his life sentence in July 2000 and that he would begin serving his five-year armed robbery sentence at that time. The Board also determined that Mr. Johnson would again become eligible for release on parole on September 14, 2000.

The Board did not consider Mr. Johnson for parole in September 2000. Mr. Johnson became convinced that this oversight was caused by the fact that his records still contained the date that he would have been eligible for parole from his 1988 conviction had the Parole Eligibility Review Board not declared him parole-eligible in 1992.[2] Accordingly, on October 6, 2000, Mr. Johnson filed a petition for writ of mandamus in the Chancery Court for Davidson County seeking an order directing the Department of Correction to "correct" his release eligibility date and to certify him as being eligible for parole. In response, the Department conceded that it had "incorrectly calculated" Mr. Johnson's release eligibility date and stated that he would be placed on the "first available parole docket." The Board provided Mr. Johnson a belated parole hearing in February 2001 and turned him down for parole. The Board also decided to consider Mr. Johnson for parole again in February 2002.

The Department and Mr. Johnson filed motions for summary judgment. In its response to Mr. Johnson's motion, the Department asserted that

> the reason for the disparity in the release eligibility dates is that the Parole Eligibility Review Board set a parole eligibility date which is different from the one set by the trial court. TOMIS[3] shows both dates for purposes of proper recording and maintenance of files. Respondent submits that this does not violate Petitioner's rights in any way. He has received the parole eligibility hearing which was due him.

On September 6, 2001, the trial court entered an order granting the Department's motion for summary judgment on the ground that "the Tennessee Department of Correction is not violating the petitioner's legal rights in the manner in which it maintains its records." Mr. Johnson has appealed.

**II.**

The sole question before us is whether the Department was entitled to the dismissal of Mr. Johnson's petition for writ of mandamus as a matter of law. We are not being called upon to consider the correctness of the Department's calculation of Mr. Johnson's sentencing information or the clarity of the manner in which the Department has chosen to record and communicate this

---

[2] When this dispute arose, Mr. Johnson would have become eligible to be considered for parole from his 1988 sentence some time in either 2014 or 2015 depending on the number of sentence credits he earned. His records contained this date as well as the parole eligibility date later set by the Board.

[3] TOMIS refers to the Department's computerized record keeping system called the "Tennessee Offender Management Information System."

information. We have determined that the trial court reached the correct result in this case – solely because of the limited purpose of a writ of mandamus.

**A.**

A writ of mandamus is an "extraordinary remedy." *Meighan v. U.S. Sprint Communications Co.*, 942 S.W.2d 476, 479 (Tenn. 1997). While it is normally used to compel public officials to perform their ministerial duties, *State ex rel Ledbetter v. Duncan*, 702 S.W.2d 163, 165 (Tenn. 1985), it may be used to prevent public officials from "palpably abusing their discretion" by performing discretionary acts in an arbitrary or oppressive manner. *Meighan v. U.S. Sprint Communications Co.*, 942 S.W.2d at 479. Mandamus is the proper remedy to enforce specific legal rights when the person seeking the writ has no other specific or adequate remedy. *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988); *State ex rel. Witcher v. Bilbrey*, 878 S.W.2d 567, 570-71 (Tenn. Ct. App. 1994).

Courts will not issue a writ of mandamus against a public official unless the proof shows that the official is clearly refusing to perform some nondiscretionary, ministerial act. *State ex rel. Cole v. Francisco*, 643 S.W.2d 105, 106 (Tenn. 1982). Conversely, where the party seeking mandamus has a clear, vested legal right, he or she is normally entitled to the writ. *State ex rel. Nashville Pure Milk Co. v. Town of Shelbyville*, 192 Tenn. 194, 207, 240 S.W.2d 239, 244 (1951). Such a right must be clearly established; mandamus will not lie where the right is doubtful. *State ex rel. Weaver v. Ayers*, 756 S.W.2d at 221; *Tusant v. City of Memphis*, 56 S.W.3d 10, 18 (Tenn. Ct. App. 2001).

An act is considered "ministerial" when the law prescribes and defines the duties to be performed "with such precision and certainty as to leave nothing to the exercise of [the official's] judgment." *Lamb v. State*, 207 Tenn. 159, 163, 338 S.W.2d 584, 586 (1960). Conversely, a "discretionary" act is one performed by an official who has the authority to decide not only how the act will be performed but also whether or not the act will be performed at all. *Bradley v. State ex rel. Haggard*, 222 Tenn. 535, 540, 438 S.W.2d 738, 740 (1969); *Lamb v. State*, 207 Tenn. at 163, 338 S.W.2d at 586; *Tusant v. City of Memphis*, 56 S.W.3d at 18.

**B.**

The Department has a statutory duty to maintain prisoner records[4] and to calculate each prisoner's earliest release date.[5] However, the statutes do not prescribe how these records should be kept or how the Department should calculate a prisoner's earliest release date. The Department has discretion regarding how and in what form it will maintain its records and how it will calculate and communicate a prisoner's release eligibility date. Accordingly, a prisoner in the Department's custody does not have a clearly established legal right to have his or her records kept or displayed in any particular way or to require the Department to calculate his or her release eligibility date in any particular manner. Prisoners who believe that the Department has incorrectly calculated their release eligibility dates may, after exhausting their administrative remedies, file a petition for

---

[4] Tenn. Code Ann. § 4-6-140 (1998) and Tenn. Code Ann. §§ 41-21-104, 107(a)(3) (2003).

[5] Tenn. Code Ann. § 40-28-109 (2003).

declaratory order pursuant to Tenn. Code Ann. § 4-5-225 (1998) to obtain judicial review of these calculations.[6]

Why the Department needs to continue including outmoded release eligibility dates in its prisoner records is far from clear.[7] It is clear, however, that the Department has the discretion to do so if it chooses, and therefore, prisoners do not have a vested legal right to have their records maintained in any particular form. Accordingly, Mr. Johnson has not established that he has a clear legal right to require the Department to remove from his records the entry showing what the release eligibility date for his 1988 life sentence would have been had the Parole Eligibility Review Board not designated him as parole eligible in 1992. Because he has failed to establish a clear legal right and because he has other adequate legal remedies should the Department fail to calculate his release eligibility date properly, the trial court correctly denied his petition for writ of mandamus.

**III.**

Mr. Johnson also asserts that the trial court erred by declining to award him discretionary costs pursuant to Tenn. R. Civ. P. 54.04(2) because he is the prevailing party in this litigation. This argument fails for two fundamental reasons. First, Mr. Johnson is not a prevailing party. Second, Tenn. R. Civ. P. 54.04(2) does not permit the award of discretionary costs against the State or any of its departments or agencies. *Phillips v. Tennessee Tech. Univ.*, 984 S.W.2d 217, 218 (Tenn. 1998); *Tennessee Small Sch. Sys. v. McWherter*, No. 01A01-9211-CH-00447, 1993 WL 295006, at *2-3 (Tenn. Ct. App. Aug. 4, 1993) *perm. app. denied* (Tenn. Mar. 7, 1994); *State ex rel. Comm'r, Dep't of Transp. v. Parsons*, No. 01A01-9206-CV-00238, 1992 WL 389166, at *3 (Tenn. Ct. App. Dec. 31, 1992) (No Tenn. R. App. P. 11 application filed).

**IV.**

We affirm the dismissal of the petition for writ of mandamus and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Dan Bill Johnson for which execution, if necessary, may issue. We also find that Mr. Johnson's petition for writ of mandamus and subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., J.

---

[6] *E.g., Bonner v. Tennessee Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001).

[7] There is some indication in the record that the Department's practice may confuse the Board of Paroles. The board member who declined to parole Mr. Johnson in March 2002 recommended that the record should be referred back to the Department "to clarify [Mr. Johnson's] sentence; docket states life; inmate states five years."