# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
### February 24, 2010 Session

## FRANK GARRETT, ET AL. V. CITY OF MEMPHIS ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-08-1610-1      Walter L. Evans, Chancellor**

---

**No. W2009-01506-COA-R3-CV - Filed March 29, 2010**

---

This appeal concerns the discretion of the Memphis Police Department to fill vacant civil service positions with temporary, "acting" personnel prior to the expiration of an active promotion roster. The trial court concluded the Memphis City Charter does not mandate permanent promotion of the next eligible employee from an active promotion roster simply because a vacancy exists. The court further concluded that no charter provision or city ordinance prohibits the use of acting appointments; rather, the proof showed that the use of officers in an acting capacity is a longstanding policy within the police department and every other division of city government. As a result, the court held that the department did not violate civil service laws when it declined to permanently promote the plaintiffs. Finding no error in the decision below, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

David M. Sullivan, Memphis, Tennessee, for the appellants, Frank Garrett, Raymond Hopkins and William Walsh.

Louis P. Britt, III and P. Daniel Riederer, Memphis, Tennessee, for the appellee, City of Memphis.

## OPINION

### I. Background and Procedural History

The plaintiffs/appellants, Frank Garrett, Raymond Hopkins, and William Walsh

("officers"), are current and former majors in the Memphis Police Department ("MPD"). In 2005, the officers participated in competitive testing for promotion to the civil service rank of inspector (now "lieutenant colonel"). The resulting promotion roster, which was effective from September 2005 to September 2008, ranked the officers nineteenth, twentieth, and twenty-sixth out of forty participants. Over the next three years, the MPD promoted the first seventeen majors on the promotion roster to the rank of lieutenant colonel, with the final permanent promotion occurring in February 2008. At that time, the officers were among the next persons eligible to receive permanent promotion to lieutenant colonel.[1]

In March 2008, the director of the MPD, Larry Godwin, decided to assign temporary, "acting" personnel to four vacant lieutenant colonel positions.[2] The police director initially selected four majors, including Frank Garrett and William Walsh, to serve as acting lieutenant colonels. In April 2008, the director selected three additional majors to serve in an acting capacity. Thereafter, the director decided to rotate majors as acting lieutenant colonels on a six-month basis in order to provide a greater number of persons with experience managing a precinct and to boost department morale. Thirteen different majors served as acting lieutenant colonels from March 2008 until the expiration of the promotion roster in September 2008.

This appeal arises out of a lawsuit alleging that the director circumvented the officers' right to promotion to the rank of lieutenant colonel through the appointment of acting personnel. The officers asserted that the failure to permanently promote them prior to the expiration of the September 2005 promotion roster violated the City's civil service laws as well as the age discrimination, race discrimination, and retaliation provisions of the Tennessee Human Rights Act. Their complaint and amended complaint sought temporary and permanent injunctions requiring the City to promote them to lieutenant colonel with full pay and benefits, compensatory damages, actual damages, back pay, attorney's fees, and court costs. The trial court granted the officers' request for a temporary injunction in part, enjoining the MPD from using majors who were not qualified for permanent promotion as

---

[1]The candidates ranked twenty-first through twenty-fifth on the promotion roster had previously retired or received appointment to a higher non-civil service rank.

[2]Lorene Essex, director of human resources for the City of Memphis, explained that a civil service employee appointed to serve in an "acting" capacity is permitted to serve temporarily at a higher rank. Acting personnel receive a temporary pay increase pursuant to the City's "Employees in an Acting Capacity" policy, but serve at the sole discretion of the personnel director and may be removed for any reason. The use of personnel in an acting capacity, which is common in all divisions of Memphis' city government, allows a personnel director greater discretion in filling an operational void. For example, three of the first seven majors selected to serve in an acting capacity in this case were not eligible for permanent promotion to lieutenant colonel and were not on the active promotion roster. Director Essex testified that the use of civil service personnel in an acting capacity is valid even when there is an active promotion roster.

acting lieutenant colonels unless no more persons from the promotion roster were available to serve in a temporary capacity.

The parties proceeded to trial in January 2009. Following a bench trial, the court entered judgment in favor of the City on all issues. The court found that the City did not discriminate or retaliate against the officers on any of the alleged bases. The court further found that the Memphis City Charter did not require the police director to permanently promote the officers. The court explained that the charter only requires that, if promotions are made to civil service positions, the resulting promotions comply with its provisions. The charter, however, did not require promotions to vacant positions or prohibit the use of officers in an acting capacity. Because city policy authorized the use of acting personnel, the court found no error in the decision not to further promote from the September 2005 promotion roster. The court later rejected the officers' post-trial motions and this appeal ensued.

## II.  Issues Presented

The officers present the following issues, as we perceive them, for review:

(1)    Whether civil service laws providing a right to undergo competitive testing for permanent promotions eliminate the discretion of a city personnel director to temporarily fill vacant positions with acting personnel.

(2)    Whether the officers had a right to permanent promotion that the City defeated or obstructed.

(3)    Whether the City impermissibly discriminated against the officers in promotion on the basis of nonmerit factors.

The officers did not appeal the court's ruling in favor of the City on their age discrimination, race discrimination, and retaliation claims.

## III.  Standard of Review

Our review of the trial court's decision is conducted pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure. Under Rule 13(d), we review *de novo* the judgment of a trial court in a bench trial, according a presumption of correctness to the factual findings of the court below. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citation omitted). We will not disturb a trial

-3-

court's findings of fact unless a preponderance of the evidence is to the contrary. *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000) (citation omitted). Our review is *de novo* with no presumption of correctness if the trial court does not produce findings of fact. *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App. 1995) (citations omitted). Questions of law are similarly reviewed *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citation omitted).

## IV. Analysis

At the heart of this appeal lies the question of whether the appointment of temporary, acting personnel deprived the officers of a right to permanent promotion under the City's civil service laws. Construction of a city charter and city ordinances, similar to statutory construction, is a question of law. *See Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000) (citations omitted). Our principal goal in statutory construction is to give effect to the intent of the legislature. *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997). "Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Carson Creek Vacation Resorts, Inc. v. State, Dep't. of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993) (citation omitted). It is not within the province of the courts to alter or amend a statute. *Gleaves*, 15 S.W.3d at 803 (Tenn. 2000) (citations omitted). Similarly, the judiciary should not substitute its own policy judgment for that of the legislature. *Id.* (citation omitted). It is our duty to interpret and enforce the enactment as written. *Id.* (citation omitted).

The officers cite two provisions as requiring their permanent promotions to lieutenant colonel. Memphis City Charter section 250.1 provides:

> All applicants for employment in positions protected by this article shall be subjected to competitive job-related examinations under such rules and regulations as may be adopted by the Director of Personnel. The examinations to be provided for shall be of a practical nature and relate to such matters as will fairly test the relative competency of the applicant to discharge the duties of the particular position.

Memphis City Ordinance section 3-8-4 similarly provides:

> A. All applicants for employment in positions protected by Sections 3-8-2 through 3-8-6 shall be subjected to competitive job-related examinations under such rules and regulations as may be adopted by the director of personnel.

B.  The examinations to be provided for shall be of a practical nature and relate to such matters as will fairly test the relative competency of the applicant to discharge the duties of the particular position.  No question in any examination shall relate to political or religious opinions or affiliations.  The examination shall be conducted and controlled by the director of personnel.

The officers would have this Court read these provisions as prohibiting the appointment of acting personnel and requiring the permanent promotion of the next eligible civil service employee whenever a personnel director intends, even if only temporarily, to fill a vacant position.

We find nothing in either provision to support the officers' position.  Memphis City Charter section 250.1 and Memphis City Ordinance section 3-8-4 do little more than provide civil service personnel with the right to undergo competitive testing to qualify for promotion. Current practice suggests that civil service personnel also have a right, or at the very least an expectation, to receive permanent promotion in the rank-order of an active promotion roster. But nothing in the language of these provisions mandates permanent promotion to a vacant position.  And nothing in the language of these provisions forbids the assignment of temporary, acting personnel.  Absent a civil service law to the contrary, these decisions are within the discretion of the director. *See Tusant v. City of Memphis*, 56 S.W.3d 10, 20 (Tenn. Ct. App. 2001).  The City is free to enact civil service laws that require mandatory promotion on a permanent basis if it so chooses.  *See Morristown Firefighters Ass'n v. City of Morristown*, No. E2000-01942-COA-R3-CV, 2001 WL 274114, at *5 (Tenn. Ct. App. Mar. 20, 2001) (citing *Blair v. State ex rel. Watts*, 555 S.W.2d 709, 712 (Tenn. 1979)) (explaining that municipalities must strictly adhere to the mandates of applicable civil service legislation when selecting personnel for civil service positions).  Adoption of the officers' position, however, would effectively rewrite the City's civil service laws to prohibit the appointment of acting personnel and to mandate permanent promotion as the only means by which to fill an operational void, which is not the duty of this Court.

The officers next submit that the City defeated or obstructed their right to permanent promotion by appointing officers to serve in an acting capacity.  Memphis City Ordinance section 3-8-5 provides, in pertinent part:

No person shall wilfully or corruptly, by himself or herself or in cooperation with any other person:

A. Defeat, deceive or obstruct any person in respect to his or her rights in relation to any examination or appointment in the classified service[.]

We are unable, however, to conclude that the City's civil service laws provided the officers with a right to permanent promotion. Under the facts, the director afforded the officers the only right to which they were entitled: the right to undergo competitive, job-related testing. Thus, we find no violation of section 3-8-5.

Finally, the officers argue that the director discriminated against them on the basis of nonmerit factors. Memphis City Charter section 249 provides, in pertinent part:

> There shall be no discrimination in the City employment of personnel because of religion, race, sex, creed, political affiliation, or other nonmerit factors, nor shall there be any discrimination in the promotion or demotion of City employees because of religion, race, sex, creed, political affiliation, or other nonmerit factors.

Memphis City Ordinance section 3-8-6 similarly provides:

> There shall be no discrimination in the city employment of personnel because of religion, race, sex, creed, political affiliation or other nonmerit factors, nor shall there be any discrimination in the promotion or demotion of city employees because of religion, race, sex, creed, political affiliation or other nonmerit factors.

These provisions, however, apply to decisions to employ, promote, or demote. Neither provision pertains to the discretionary decision to fill a position permanently or temporarily. Naturally, the consideration of whether to make a permanent or temporary appointment must account for various nonmerit factors, including the best interests of the department and the citizens of Memphis. The officers' argument on this issue is without merit.

In conclusion, the officers have failed to demonstrate that the director of the MPD violated the City's charter or ordinances when he declined to make additional permanent promotions from the September 2005 promotion roster. The director clearly complied with provisions in the City's charter and ordinances concerning the competitive testing of civil service employees. Further, the director made all permanent promotions pursuant to the rank-order in the active promotion roster. Nothing, however, required the director to make a permanent promotion to every position vacated before the promotion roster expired. City policy instead permitted the director, in his discretion, to make temporary, acting appointments to meet the needs of the department. At no point were the officers entitled to receive permanent promotions. Even if City policy did not permit the use of acting personnel, nothing in the City's civil service laws required the director to promote the officers. The trial court's decision is affirmed.

## V.  Conclusion

For the foregoing reasons, we affirm decision of the trial court.  Costs of this appeal are taxed to the appellants, Frank Garrett, Raymond Hopkins, and William Walsh, and their surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE