IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 3, 2025

**RHONDA LAWSON V. JUDGE RANDY KENNEDY ET AL.**

Appeal from the Circuit Court for Sullivan County
No. C16479     John S. McLellan, III, Judge

No. E2024-00207-COA-R3-CV

A mother sought the recusal of the juvenile court judge overseeing a custody case involving her minor child. After the judge denied two recusal motions, the mother filed a petition for a writ of mandamus in the circuit court. The circuit court determined that it lacked authority to issue the writ of mandamus and dismissed the petition. The mother appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and CARMA DENNIS MCGEE, JJ., joined.

Rhonda Lawson, Morristown, Tennessee, pro se.

Samuel K. McPeak, Johnson City, Tennessee, for the appellee, Randy Kennedy.

Jason A. Creech, Johnson City, Tennessee, for the appellee, Mark Kleinman.

**OPINION**

FACTUAL AND PROCEDURAL HISTORY[1]

In June 2020, Rhonda Lawson ("Mother") filed a petition in the Sullivan County (City of Bristol) Juvenile Court titled "Petition to Establish Parenting Plan and to Modify an Order Which is Not Final." During the proceedings in the juvenile court, Mother filed two motions seeking the recusal of the juvenile court judge, both of which were denied. After the second denial, Mother appealed the juvenile court's decision to this Court, and

---

[1] As this pro se appeal concerns only the dismissal of Ms. Lawson's petition for a writ of mandamus, we will recount only the facts relevant to the dismissal of the petition.

we dismissed the appeal for lack of a final judgment. *See Lawson v. Kleinman*, No. E2022-00055-COA-R3-JV, 2022 WL 390585 (Tenn. Ct. App. Feb. 9, 2022). Mother also appealed the second recusal denial to the Circuit Court for Sullivan County. The circuit court dismissed the appeal in March 2022 based upon this Court's opinion.

On November 6, 2023, Mother filed a petition for a writ of mandamus in the circuit court, listing Judge Kennedy, the juvenile court judge, and Mark Kleinman ("Father") as the respondents. In the petition, Mother asserted that Judge Kennedy had exhibited bias and "retaliatory conspiracy" against her and recounted her attempts to remove the judge from her case, including filing two recusal motions, two complaints with the Board of Judicial Conduct, and a motion for a change of venue. Mother asserted that she had no other way to seek relief and asked the circuit court to issue a writ of mandamus directing Judge Kennedy to recuse himself, transfer the matter to another venue, vacate all orders entered after the judge's allegedly disqualifying conduct, and schedule hearings for her to respond to an ex parte order the juvenile court had entered.

Father filed a motion to dismiss the mandamus petition in December 2023, asserting that the petition failed to state a claim upon which relief could be granted. Father argued that Mother had failed to show she was entitled to a writ of mandamus because decisions regarding recusal are discretionary, making a writ of mandamus an inappropriate remedy. On January 22, 2024, the circuit court entered an order finding that it could not issue a writ of mandamus directing the juvenile court to make a discretionary decision, including a recusal decision. The court, therefore, granted Father's motion and dismissed the petition.

Mother timely appealed and presents the following issues: (1) whether the duty of the juvenile court judge to recuse was mandatory or discretionary; and (2) whether the circuit court erred by dismissing Mother's petition. Father presents the additional issue of his attorney's fees on appeal.

STANDARD OF REVIEW

Father's motion to dismiss asserted that Mother had failed to state a claim upon which relief could be granted. Such motions, which are governed by Tenn. R. of Civ. P. 12.02(6), challenge only the sufficiency of the petition. *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). We "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co*, 71 S.W.3d 691, 696 (Tenn. 2002)). Trial courts should only grant motions to dismiss if no set of facts would entitle the plaintiff to relief. *Webb*, 346 S.W.3d at 426. We review the court's legal conclusions regarding the sufficiency of the petition de novo. *Id.*

ANALYSIS

We note at the outset that Mother is representing herself pro se on appeal. Courts give pro se litigants some leeway in drafting pleadings and briefs. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). However, these litigants cannot be allowed to shift the burden of the litigation onto the courts or their adversaries. *Id.* In order to avoid crossing the threshold between "fairness to a pro se litigant and unfairness to the pro se litigant's adversary," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* We now turn to Mother's arguments she has raised on appeal.

Mother asserts that the decision to recuse lost its discretionary character and was, instead, mandatory. Therefore, under Mother's reasoning, the circuit court erred in determining that it could not issue the writ. For the reasons discussed below, we disagree.

We begin with Mother's assertion that Judge Kennedy's duty to recuse lost its discretionary character and was, instead, mandatory. The function of mandamus is to direct the execution of a ministerial action, not to adjudicate whether an action may be taken. *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988). In Tennessee, it is "well-settled" that "'mandamus will only lie to enforce a ministerial act or duty and will not lie to control a legislative or discretionary duty.'" *Id.* at 220-21 (quoting *Lamb v. State ex rel. Kisabeth*, 338 S.W.2d 584, 586 (Tenn. 1960)). To be ministerial, the duty to be performed must be defined by the law such that it leaves nothing to the court's judgment. *Id.* at 221. If the exercise of discretion or judgment is involved, the act is not ministerial. *Id.* In other words, a discretionary act is one performed by an official who possesses the lawful authority to decide whether to perform the act. *Bradley v. State ex rel. Haggard*, 438 S.W.2d 738, 740 (Tenn. 1969).

Mother asserts that, under both the United States and Tennessee Constitutions, her right to a fair tribunal was violated based upon the judge's conduct. Mother then cites our Supreme Court's rules governing recusal to assert that the judge's duty to recuse was mandatory. We believe these arguments go towards whether the court abused its discretion and are, therefore, inappropriate in this appeal. Our Supreme Court has addressed when recusal is mandatory or discretionary, stating:

> As a matter of custom and law, recusal decisions are made by the trial judge himself or herself. *See Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 239-40 (Tenn. 2010); *Bean v. Bailey*, 280 S.W.3d at 805. Unless the basis for recusal is one of the mandatory grounds in Article 6, Section 11 of the Tennessee Constitution or Tenn. Code Ann. § 17-2-101 (2009), these decisions are discretionary. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998).

*State v. Hester*, 324 S.W.3d 1, 72-73 (Tenn. 2010). Mother does not assert, nor do we find, that either of the provisions cited in *State v. Hester* would have made recusal mandatory. Therefore, the recusal decision remained discretionary, and mandamus was not an appropriate remedy.

We also believe mandamus would not have been appropriate because Mother had another adequate remedy through interlocutory review in this Court. As our Supreme Court has explained:

> The writ of mandamus is an extraordinary remedy, whose purpose is to exert the revisory appellate power over the inferior courts where there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 190, 66 L.Ed.2d 193 (1980); 52 Am. Jur. 2d *Mandamus* § 12 (1970). Mandamus generally will not be issued if the petitioner has a legal remedy that is equally convenient, complete, beneficial, and effective, but the remedy which would preclude mandamus must be equally as convenient, complete, beneficial, and effective as mandamus, and must also be sufficiently speedy to prevent material injury. 52 Am. Jur. 2d *Mandamus* §§ 46, 49 (1970).

*Meighan v. U.S. Sprint Commc'ns Co.*, 942 S.W.2d 476, 479 (Tenn. 1997). Mother possessed a "plain, adequate, and complete" remedy through two alternative methods: (1) "an accelerated interlocutory appeal as of right" pursuant to Tenn. Sup. Ct. R. 10B § 2, and (2) "an appeal as of right" pursuant to Tenn. R. App. P. 3. TENN. SUP. CT. R. 10B § 2.01. Indeed, Rule 10B provides that "[t]hese two alternative methods of appeal . . . shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this rule." *Id.*

Mother has filed a separate appeal challenging the juvenile court's final order. She has the ability to raise the recusal issue in that appeal. Mandamus was not the appropriate method by which Mother could appeal the trial court's recusal decision. Therefore, we affirm the dismissal of Mother's petition.

Finally, Father requests his attorney's fees pursuant to Tenn. Code Ann. § 27-1-122. Awards of attorney's fees under this statute are discretionary. *Young*, 130 S.W.3d at 66-67. We respectfully deny Father's request.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Rhonda Lawson, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE