**GALLATIN HOUSING AUTHORITY,**
**Plaintiff/Appellant,**

v.

**CITY COUNCIL, CITY OF GALLATIN,**
**Tennessee, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 30, 1993.

Permission to Appeal Denied by
Supreme Court Dec. 6, 1993.

James M. Hunter, Jr., Hunter & Hunter, Gallatin, for plaintiff-appellant.

Arthur E. McClellan, McClellan, Powers, Ehmling & Dix, Gallatin, for defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff, Gallatin Housing Authority (Authority), from the trial court's judgment that the actions of the defendant, City Council, City of Gallatin, Tennessee (City), were not "arbitrary, capricious or illegal," therefore affirming the action of the City and dismissing the Authority's complaint.

The trial court granted the Authority's petition seeking the issuance of a common law writ of certiorari, pursuant to Tennessee Code Annotated Section 27–8–101 *et seq.*, from the action of the City in denying the Authority's "Application for a Public Housing Project." The trial court's judgment affirmed the action of the City and dismissed the Authority's complaint.

Our review, and the trial court's review, of the action of the City is limited to

whether the actions of the City, in denying the Authority's "Application for a Public Housing Project," exceeded its jurisdiction or were illegal, arbitrary or fraudulent. Tenn. Code Ann. § 27–8–101 (Supp.1992); *Henry v. Board of Claims,* 638 S.W.2d 825, 827 (Tenn. App.1982). The common law writ does not permit this Court to inquire into the correctness of the agency's or the inferior court's judgment as to the facts. *Cooper v. Williamson County Bd. of Educ.,* 746 S.W.2d 176, 179 (Tenn.1987).

■ The trial court concurred in the findings of the City. Therefore, the concurrent findings of the City and the trial court are conclusive on appeal if there is any evidence to support them. *City of Columbia v. C.F.W. Constr. Co.,* 557 S.W.2d 734, 740 (Tenn.1977).

■ The City contends that the overwhelming preponderance of the evidence supports the concurrent findings and therefore the trial court's order should be sustained and the Authority's appeal dismissed.

The City relies, in its brief to this Court, on the following facts to support its conclusion.

On July 13, 1988, Appellant's Executive Director, submitted an Application For A Public Housing Project, consistent with the City Council's 1988 resolution, providing in part for:

1. elderly housing as 50% of the project; and
2. the low income housing would be "scattered housing."

The Authority's application further stated that the current conventional housing was not at one hundred percent occupancy and that the Authority was having problems with crime in the projects.

The Authority conceded that the Gallatin City Council is the "governing body" referred to in Tennessee Code Annotated Section 13–20–104(e)(2)(A).

The director of the Authority also conceded that the Authority had never submitted to the Gallatin City Council: 1) a public housing project plan; 2) an outline for the development; 3) a construction plan; and 4)

a land-use plan. There is evidence that there was a great need for low-income housing for the elderly in the City of Gallatin and that the current "projects" were experiencing problems with high crime.

The evidence further shows that the City was concerned with the housing needs of the elderly and the utilization of "scattered housing." The project did not provide for housing for low-income elderly; did not provide for scattered housing; was in close proximity to an old, high-crime project; there were problems with traffic in and about the project site; no project plan was presented; and there was no need for new construction.

■ The trial court, and this court on appeal, reviews the record to determine if there was any material and substantial evidence to support the action of the City Board. *Lansden v. Tucker,* 204 Tenn. 388, 321 S.W.2d 795 (1959). Such a review is actually a question of law and not of fact. *Tallent v. Fox,* 24 Tenn.App. 96, 141 S.W.2d 485, 493 (1940). The scope of review of the action of the Chancellor is no greater than the Chancellor's review of the action of the City Board. Therefore, neither the trial court nor this Court determines any disputed question of fact or weighs any evidence. *State ex rel. Byram v. City of Brentwood,* 833 S.W.2d 500, 502 (Tenn.App.1991).

Tennessee Code Annotated Section 13–20–104(e) requires the governing body [1] to hold a public hearing to determine the necessity for adoption of a public housing authority proposal. It also requires the Authority to have the governing body's approval for the proposed public housing "project plan."

The legislature contemplated a role for the City in the authorization of a "public housing project." The City is not a rubber stamp for actions proposed by the Authority. The City is not required to engage in a more searching inquiry, utilizing the guidelines found in Tennessee Code Annotated Section 13–20–104(e) *et seq.*

Tennessee Code Annotated Section 13–20–104(e)(1) provides that "an authority shall not initiate any public housing project ... until

---

1. T.C.A. § 13–20–102(13) defines "governing body" as "the council of any city."

the governing body ... has approved the proposed public housing project plan...." The plan submitted by the housing authority is to be "an outline for the development, construction, lease, or purchase of the proposed housing project and is sufficiently complete to indicate its relationship to definite local objectives of appropriate land use and providing decent, safe, and sanitary housing for persons of low income." The governing body is also required to consider the necessity for the adoption of a particular "project proposal." *See* Tenn.Code Ann. § 13–20–104(e). The Authority insists that "need" for public housing, standing alone, is sufficient to mandate approval by the City. We respectfully disagree. To construe the statute in this manner would result in the transformation of the City from an elected body responsive to the needs of its citizens into a rubber stamp for the housing authority. We do not believe this was intended by the legislature.

■ The plan submitted by the Authority must meet "definite local objectives." The body qualified to identify those local objectives is the City Council. The body assigned the responsibility of determining the necessity of the project proposal and approving the project plan is the City Council. The City Council, in evaluating a plan, must do so in relationship to the housing needed, whether it be conventional or scattered, the persons in need of the housing (elderly and/or family), safety concerns, reduction in the tax base, existing housing in the private sector, and location of the project in relation to existing projects.

■ The purpose of the statute is to provide a check on the power of the Authority. The organizational structure of Tennessee Code Annotated Section 13–20–104 is the best illustration of this concept. This section, entitled "Powers of housing authority," enumerates thirty-two affirmative powers in subsection (a). The last subsection, Tennessee Code Annotated Section 13–20–104(e)(1), is a curb on these powers by providing that, "[n]otwithstanding anything to the contrary contained in this chapter or in any other provision of law, an authority shall not...."

The Authority is empowered to "[p]repare, carry out and operate housing projects."

Tenn.Code Ann. § 13–20–104(a)(4). The City is charged with balancing the interests of its different citizens. If there is a conflict between two interests, we think the legislature clearly intended the City to have the final voice. If, as insisted by the Authority, need for low-income housing is the only criteria, then Tennessee Code Annotated Section 13–20–104(e) is rendered superfluous.

We think the evidence is clear that the Authority, through its representations to the City and its application to HUD, identified lower income housing for the elderly as its overriding need. Because HUD had no grant monies available for such housing, the Authority was unable to address that need. The Authority ignored the possibility of scattered housing, for which funds were available. Instead, the Authority sought a conventional housing project, ignoring the need of housing for the elderly, and asserted that it was the sole arbitrator of all housing project decisions.

We think the statute clearly contemplates that the City Council approve any "project plan." The statute requires the City to evaluate the plan in light of definitive local objectives. The City Council is uniquely situated to determine these objectives. Therefore, the City Council's action in denying the plan was authorized by Tennessee Code Annotated Section 13–20–104(e).

The judgment of the trial court is affirmed and the case remanded to the trial court for any further necessary proceedings. Costs are taxed to the Authority.

TODD, P.J., and KOCH, J., concur.