April 7, 1997
<u>FOR PUBLICATION</u>

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

April 7, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOE C. MEIGHAN, JR., FOR          (
HIMSELF, AND ALL OTHERS           (
SIMILARLY SITUATED,               (
                                  (
    Plaintiffs-Appellants,       (
                                  (   Knox Law
                                  (
v.                                (   Hon. Dale C. Workman, Judge
                                  (
                                  (   S. Ct. No. 03S01-9502-CV-00014
U.S. SPRINT COMMUNICATIONS        (
COMPANY,                          (
                                  (
    Defendant-Appellee.          (

<u>For Plaintiffs-Appellants</u>:

Donald K. Vowell
Robert R. Carl
Rainwater, Humble & Vowell
Knoxville

A. James Andrews
Knoxville

Thomas A. Snapp
Knoxville

<u>For Plaintiffs Lawrence E. McCumber</u>
<u>and Patricia Ann McCumber</u>:

Ben W. Hooper, III
Campbell & Hooper
Newport

R. J. Tucker
Newport

Tom Jessee
Jessee & Jessee
Johnson City

<u>For Defendant-Appellee</u>:

John B. Rayson
Adrienne L. Anderson
Kramer, Rayson, Leake,
   Rodgers & Morgan
Knoxville

## **O P I N I O N**

PETITION FOR WRIT OF MANDAMUS DENIED;
ORDER STAYING PROCEEDINGS IN TRIAL
COURTS LIFTED.                                    REID, J.

The case is before the Court on a petition for writ of mandamus.  This is one of three cases[1] in which landowners have filed suit against U.S. Sprint Communications Company (Sprint), asserting claims for inverse condemnation and trespass and seeking certification as a class action. Buhl v. Sprint and the instant case, Meighan, have been before this Court on appeal.[2]  The relief sought is an order directing the trial court in McCumber v. Sprint to vacate its order certifying a class action and to defer to the trial court in this case on that issue.  The Court, heretofore, entered an order staying the proceedings in all three cases pending this hearing.

I

These legal proceedings against Sprint began on October 18, 1988 when John G. Buhl, et al., landowners in Anderson County and outside Anderson County, filed a suit in the chancery court for Anderson County, in which the named plaintiffs, "for themselves and all others similarly situated," sought certification of a statewide plaintiffs' class consisting of the owners of land in Tennessee across which Southern Railway Company maintains a railroad right-of-

---

[1] Buhl v. U.S. Sprint Communications Co., No. 88MC3956 (Anderson Co. Ch. Ct. filed Oct. 21, 1988); Meighan v. U.S. Sprint Communications Co., No. 1-469-90 (Knox Co. Cir. Ct. filed June 5, 1990); McCumber v. U.S. Sprint Communications Co., No. 23,796-III (Cocke Co. Cir. Ct. filed June 6, 1996).

[2] Buhl v. U.S. Sprint Communications Co., 840 S.W.2d 904 (Tenn. 1992); Meighan v. U.S. Sprint Communications Co., 924 S.W.2d 632 (Tenn. 1996).

way and across which Sprint has constructed a fiber optics communications system. On appeal from cross-motions for summary judgment, this Court held in Buhl that Sprint's use of the property constituted the taking of an interest therein for which the landowners were entitled to be compensated. Buhl v. U.S. Sprint Communications Co., 840 S.W.2d 904 (Tenn. 1992). Certification of the class action was not an issue on appeal of the Buhl case. After deciding the issues of law presented, the case was remanded to the trial court for further proceedings, including the issue of class certification. The opinion was filed on October 26, 1992.

On June 5, 1990, while the Buhl case was on appeal, Joe C. Meighan, Jr., a landowner in Knox County, filed the instant suit against Sprint in the circuit court for Knox County in which he, "for himself and all others similarly situated," asserted the same claims as those made in the Buhl case. Meighan had sought to be named a representative plaintiff in the Buhl case, but his claim was dismissed by the trial court because his property was not located in Anderson County. Meighan did not appeal the dismissal of his claim in the Buhl case. The trial court on remand stayed the proceedings in the Buhl case, pending a decision in this case.

In this case, the Knox County Circuit Court denied plaintiff Meighan's prayer for certification of a statewide class, finding lack of jurisdiction, but granted

certification of a class limited to the owners of land located in Knox County. It dismissed the claim based on trespass. On interlocutory appeal, the Court of Appeals dismissed the Knox County class action certification and affirmed the dismissal of the action for trespass. This Court reversed, holding that the Court of Appeals erred in limiting the class to owners of land located in Knox County and that the Court of Appeals also erred in dismissing the cause of action based on trespass. Meighan v. U.S. Sprint Communications Co., 924 S.W.2d 632 (Tenn. 1996). The opinion was released on April 29, 1996. A petition to rehear was denied on July 1, 1996.

On June 6, 1996, while the Meighan case was pending before this Court on a petition to rehear, Lawrence and Patricia Ann McCumber, landowners in Cocke County, filed a suit against Sprint in the circuit court of Cocke County "for themselves and all others similarly situated." The allegations are identical to those in the Meighan complaint except for the named plaintiffs and the requested class, which is all of Tennessee excluding Knox County. On the same date the McCumber complaint was filed, and without any notice, a conditional order was entered by the Cocke County court certifying a class which included all of Tennessee except Knox County. In the order certifying the case as a class action, the Court relied upon the decision of this Court in Meighan for its finding that the allegations in McCumber were "sufficient to justify certification." In

-4-

excluding Knox County, the Court found "that a prior class has been certified as to Knox County, Tennessee only."

The appeal in Meighan was concluded when the petition to rehear was denied on July 1, 1996. This Court ordered that the trial court "should consider the numerous justifications for allowing the maintenance of a class action in this case including judicial economy, financial feasibility, and consistent verdicts, and should not base any future class determinations on venue alone." Id. at 639. However, the trial court, on remand, refused to consider certification of a statewide class, finding that alternative had been precluded by entry of the certification order in McCumber, while Meighan was on appeal.

On the petition before the Court, Meighan seeks a writ of mandamus directing the Cocke County court to vacate its order for class certification and defer to any decision on that issue which may be made by the trial court in this case. McCumber responds that mandamus does not lie in this case, and, further, there has been no error committed in any of the trial courts. Sprint's position is that the class certification issue should be determined by the Anderson County court in the Buhl case.

**II**

As a preliminary matter, the Court notes that

-5-

there are a number of technical defects in the petition for the writ.  The suit was not prosecuted in the name of the state on the relation of the petitioner, as is required.  See Whiteside v. Stewart, 91 Tenn. 710, 20 S.W. 245, 246 (1892).  Also, the petitioners did not institute this suit against the judge upon whom it seeks a writ to issue, as is required.  See State v. Thompson, 118 Tenn. 571, 102 S.W. 349, 351 (1907).  Nevertheless, the Court elects not to dismiss the petition because of technical defects.

## III

Whether a suit should be certified as a class action in a particular case is a matter of judicial discretion or judgment to be determined by the application of established legal principles to the facts and circumstances of the case.  After discussing the prerequisites to a class action, the Court noted in Meighan, "the determination of whether an action should proceed as a class action is a matter which is left to the sound discretion of the trial judge."  Meighan, 924 S.W.2d at 637.  The question of whether the suit should proceed as a class action was presented in each of these three cases.  The complaint in each case was filed on behalf of the named plaintiffs and "all others similarly situated" and sought certification of a statewide class of plaintiffs.  A subsidiary issue presented in each case was whether the class to be certified would be statewide or limited.  The focus of this petition is the trial court's

decision in McCumber to certify a statewide class except for those landowners "similarly situated" in Knox County.

Plaintiff McCumber properly states that the decision regarding the certification of a class action lies within the trial court's judicial discretion, but his insistence that the court's discretion is not subject to review on a petition for writ of mandamus overstates the rule.

The writ of mandamus is an extraordinary remedy, whose purpose is to exert the revisory appellate power over the inferior courts where there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S. Ct. 188, 190 (1980); 52 Am. Jur. 2d Mandamus § 12 (1970). Mandamus generally will not be issued if the petitioner has a legal remedy that is equally convenient, complete, beneficial, and effective, but the remedy which would preclude mandamus must be equally as convenient, complete, beneficial, and effective as mandamus, and must also be sufficiently speedy to prevent material injury. 52 Am. Jur. 2d Mandamus §§ 46, 49 (1970). Although the writ is more often addressed to ministerial acts, rather than discretionary acts, the writ may be addressed to discretionary acts when the act is done in an "arbitrary and oppressive manner" or where there has been a "plainly palpable" abuse of discretion. Peerless Const. Co. v. Bass,

158 Tenn. 518, 524, 14 S.W.2d 732, 733 (1929).

The need for the writ to be exercised by an appellate court may require an analysis different from that made by a trial court. In considering a petition addressed to a trial court, this Court stated: The "essential purpose [of the writ] is to execute a ministerial function, not adjudicate a legal issue." Paduch v. Johnson City, 896 S.W.2d 767, 770 (Tenn. 1995). The essential purpose of the writ utilized by appellate courts was discussed in the recent case of State v. Irick:

> It is well-settled, however, that the appellate courts of this state have limited mandamus jurisdiction in circumstances under which the writ is necessary to aid the exercise of the appellate function. State v. Sneed, 105 Tenn. 711, 58 S.W. 1070 (1900); State v. Baby John Doe, 813 S.W.2d 150 (Tenn. Crim. App. 1991); Blanton v. Tennessee Central Ry. Co., 4 Tenn. App. 335 (1926); Hyde v. Dunlap, 3 Tenn. App. 368 (1926). In Sneed, this Court explained the rule as follows:
>
> > The granting of a writ of mandamus is the exercise of an original, and not an appellate, jurisdiction, the writ itself being an original process. Hence it follows that in those states where the courts of last resort are devoid of original jurisdiction and vested with only appellate powers, such court cannot exercise jurisdiction by mandamus. **An exception, however, is recognized when the issuing of the writ is necessary in aid of the appellate powers of such courts, and in such cases it is not regarded as an original proceeding, but as one**

-8-

> **instituted in aid of the appellate jurisdiction possessed by the court.**

> Id., 105 Tenn. at 722, 58 S.W. at 1073 (emphasis added). This mandamus jurisdiction is merely ancillary to a court's appellate power and is possessed, not by virtue of any statute, but under the common law, as inherent and necessary to the exercise of its function as a court of appellate jurisdiction. State ex rel. Kain v. Hall, 65 Tenn. 3, 7 (1873).

State v. Irick, 906 S.W.2d 440, 442 (Tenn. 1995).

The order entered in the McCumber case sets forth the basis of the Court's decision certifying the action as a class action and also the basis for excluding residents of Knox County from the class. For the writ to lie, this order must reflect a plainly palpable abuse of discretion. The order states:

> Based upon the opinion of the Tennessee Supreme Court in the case of Joe C. Meighan, Jr. v. U.S. Sprint Communications Company, 21 TAM 19-3, filed April 29, 1996, and it appearing to the Court that the allegations and claims in the Meighan ruling are similar to the allegations and claims set forth in the instant case; and it further appearing to the Court that the facts set forth in the plaintiff's complaint are sufficient to justify certification in accordance with Rule 23 of the Tennessee Rules of Civil Procedure; that no evidence is before the Court as to any other statewide certification granted with regard to the allegations and claims in the instant case; that it appearing to the Court that a prior class has been certified as to Knox

County, Tennessee only; . . . .

The McCumber court obviously relied upon the decision of this Court in Meighan to reach the conclusion that the facts set forth in identical complaints were sufficient to justify one class action. Significantly, the McCumber court did not find that application of the criteria set forth in Rule 23 to the facts and circumstances required that Knox County be excluded. The order excludes Knox County because "a prior class has been certified as to Knox County." That conclusion rests on an obvious fallacy. Contrary to the court's finding, a class limited to Knox County had not been certified by the court that had jurisdiction of the issue. The issue encompassing the extent of the class to be certified was pending in the Supreme Court at the time the order in McCumber was entered. This Court had announced its decision that the trial court had erred in limiting the class based on venue. After rejecting every argument advanced in favor of limiting the class, this Court remanded the case to the trial court with instructions that the extent of the class to be certified be determined by factors other than venue. The Court stated:

> On remand the court should consider the numerous justifications for allowing the maintenance of a class action in this case including judicial economy, financial feasibility, and consistent verdicts, and should not base any future class determinations on venue alone.

<u>Meighan v. U.S. Sprint</u>, 924 S.W.2d at 639.  The effect of the trial court's order in <u>McCumber</u>, if allowed to stand, would be the pre-emption of an issue pending in this Court and a resolution of that issue contrary to an explicit holding by this Court.

The issue of competing class actions is discussed in 2 Herbert B. Newberg & Alba Conte, <u>Newberg on Class Actions</u>, § 7.31, pp. 7-97 (3rd ed. 1992):

> **Multiple Class Suits Before Different Courts.**
>
> When cases bearing similar class allegations and similar causes of action are pending in different courts, such as different federal and state courts or different state courts, courts should be kept informed of class certification proceedings relating to the same cause of action, and <u>rarely should the same class be certified on the same cause of action before more than one court, in the absence of special circumstances</u>.
>
> In determining the superiority of certifying a class in a particular forum, the court should compare the advantages of a class suit in the different fora and should weigh considerations of class scope, tolling of statute of limitations for the benefit of the class, reconciliation of pending individual suits with the certification of a class suit without opt-out rights under Rule 23(b)(1) or (2), whether in fact a class suit is pending in another more favorable forum, certification of a class limited to selected issues or claims, the state of litigation progress in the competing suits, and a host of other factors.

(Emphasis added and footnotes omitted.)

The same authority addresses whether orders certifying class actions may be reviewed on petitions for writ of mandamus:

> An appeal by mandamus under the All Writs Act[3] provides another alternative for interlocutory review of errant class rulings. Mandamus is appropriate for abuses of discretion, rather than misinterpretations of questions of law. It may lie if the district court, in determining propriety of the class action, acts outside its jurisdiction, without regard to applicable procedural safeguards, or applies or refuses to apply the criteria of Rule 23 in an arbitrary manner. However, if a district court has acted within its jurisdiction according to procedural safeguards and applies the criteria of Rule 23 in a nonarbitrary manner, mandamus is inappropriate to secure a de novo review of the ruling on the class.

Newberg at § 742, pp. 7-128-29 (footnotes omitted).

Other jurisdictions have utilized the writ of mandamus and stayed proceedings to regulate class actions. In Nelson v. Grooms, 307 F.2d 76 (5th Cir. 1962), the

---

[3]The Act provides in relevant part:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The state courts in Tennessee have essentially the same authority as this statute gives the federal courts. See Tenn. Code Ann. § 16-3-202 (1994).

petitioners' motion for injunctive relief was postponed by the trial judge because it encompassed the same claims as a case pending in the same federal district court.  On a petition for mandamus directing the court to promptly hear and determine the motion, the Fifth Circuit stated,

> We have been cited to and have found no case deciding whether it is permissible to have pending in the same district court two class actions seeking virtually the same relief, or whether the plaintiffs filing the later class action should more properly seek to intervene in the suit already filed . . . .
>
> Where two actions involving the same parties and the same issues are pending before two federal courts it has been held that the court in which the second proceeding is initiated will normally, in the absence of countervailing factors, stay the proceedings pending the outcome of the prior similar suit between the same parties in the other federal court.

Id. at 78.  The Court denied the writ of mandamus.

In New York State Teamsters Conference Pensio and Retirement Fund v. Hoh, 554 F. Supp. 519, 529 (N.D. N.Y. 1982), the court stayed motions for summary judgment on counterclaims stating,

> the issues herein are virtually identical to the pending class action . . . .  Therefore, in the interest of judicial economy, to avoid duplication of effort by the parties, and since the Eastern District action is now at a more

> advanced stage than this case, this
> Court will exercise its discretion to
> stay proceedings on the instant
> counterclaims pending a determination in
> the Eastern District case.

In <u>Jam Products v. Dominick's Finer Foods</u>, 458 N.E.2d 100, 102 (Ill. App. 2d Dist. 1983), on appeal from the denial of a motion to stay a suit by an individual where a class action was pending in a different circuit court, the court stated,

> When determining whether to stay
> the latter of two suits brought
> concerning a given controversy, the
> courts consider a number of factors
> which include:  "comity; prevention of
> multiplicity, vexation and harassment;
> likelihood of obtaining complete relief
> in the foreign jurisdiction and the <u>res
> judicata</u> effect of a foreign judgment in
> the local forum."

The court granted the stay, concluding that the plaintiff could obtain complete relief in the class action and that there was "no counterbalancing reason appearing of record, which would otherwise justify the maintenance of separate suits in sister counties regarding the factual transaction involved herein."  <u>Id.</u> at 103.

In <u>Lusardi v. Lechner</u>, 855 F.2d 1062 (3rd Cir. 1988), the plaintiffs sought relief under the All-Writs Act, 28 U.S.C. § 1651, after the district court revoked its prior conditional certification of an opt-in class in an age

discrimination suit.  The Third Circuit noted that although the writ of mandamus is seldom issued, the writ may issue where no other adequate means of obtaining relief is available, and the court below has committed a clear error of law.  Id. at 1069.  The court found that although it lacked appellate jurisdiction, it would grant mandamus for the limited purpose of directing the district court to vacate its order revoking class certification.  Id. at 1080.

More recently, the Sixth Circuit Court of Appeals issued a writ of mandamus directing the district judge to decertify the plaintiff class because the district judge had totally disregarded the requirements of Fed. R. Civ. P. 23 and had made similar rulings in other cases involving medical products liability actions.  In Re American Medical Systems, Inc. 75 F.3d 1069 (6th Cir. 1996).  The Sixth Circuit held that "on the extraordinary facts of this case . . . the district judge's disregard of class action procedures was of such severity and frequency so as to warrant [the issuance of the writ.]"  Id. at 1074.  See also Matter of Rhone-Poulenc Rover, Inc., 51 F.3d 1293, 1295 (7th Cir. 1995) ("Mandamus has occasionally been granted to undo class certifications . . . .").

In a similar case, the Alabama Supreme Court issued a writ of mandamus to stay the proceedings in one of two conflicting or overlapping class actions.  Ex Parte Liberty Nat. Life Ins. Co., 631 So. 2d 865 (Ala. 1993).

Robertson filed a class action in Barbour County alleging that Liberty National, fraudulently and by misrepresentation, had instituted cancer insurance policy exchange programs. The court certified the class. Three weeks later Adair and others filed an action in Mobile County. The allegations in the two complaints were virtually identical. Liberty National's motion to dismiss the Mobile County action was denied. In response to a petition for mandamus, the Alabama Supreme Court acknowledged that the writ of mandamus may be issued only where there is a clear legal right in the petitioner to the order sought, an imperative duty upon the respondent to perform the duty, a lack of another adequate remedy, and the properly invoked jurisdiction of the court. Id. at 867. However, the court went on to find that the law is clear that the circuit court in which jurisdiction over a controversy was first invoked has exclusive jurisdiction over the case, and that the law does not permit a second circuit court to adjudicate the same controversy that is being litigated in a pending action in another circuit court of competent jurisdiction. Id. The court therefore granted the writ of mandamus and ordered the Mobile County court to stay its proceedings.

Thus, while mandamus relief is rarely justified, there is ample authority for the issuance of the writ to correct a class certification upon a clear showing that the trial court has committed legal errors or abused its discretion and no other adequate remedy is available. The

-16-

conclusion is that in extraordinary cases, including class actions, this Court may, and properly should, issue a writ of mandamus if that action is necessary to protect its jurisdiction or accomplish substantial justice.

However, the Court elects not to issue the writ upon this application, because this matter can be resolved in the trial courts. As the United States Supreme Court has stated, "[i]n order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. at 36, 101 S. Ct. at 190. Here, the parties have at their disposal rules of procedure whereby applications for relief can be presented to the several trial courts, and those courts have the authority and duty to grant appropriate relief. The writ would lie only in the event appropriate relief is requested but denied.

Consequently, the petition is denied.

The order staying proceedings in the three trial courts is lifted as of the date this decision, including any orders on petitions to rehear, becomes final.

Costs are taxed one-half to petitioner Meighan and one-half to McCumber, who was allowed to participate as a party in interest on this appeal.

-17-

_____
Reid, J.

Concur:
Birch, C.J., Drowota and
     Anderson, JJ.