# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 3, 2020

## STATE OF TENNESSEE ex REL. JAMES R. WILSON v. HOWARD GENTRY, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 19-708-IV       Don R. Ash, Special Judge[1]**

———————————————————

### No. M2019-02201-COA-R3-CV

———————————————————

The petitioner sought a writ of mandamus to compel the production of the audio recordings from his post-conviction proceeding pursuant to the Tennessee Public Records Act. The trial court dismissed the petition, finding that the recordings were exempt from disclosure. The petitioner appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and W. NEAL MCBRAYER, J., joined.

James R. Wilson, Only, Tennessee, pro se.

Robert E. Cooper, Jr. and J. Brooks Fox, Nashville, Tennessee, for the appellee, Howard Gentry.

Herbert H. Slatery, III, Attorney General & Reporter; Andrée S. Blumstein, Solicitor General; Janet M. Kleinfelter, Deputy Attorney General; and Andrew B. Campbell, Senior Assistant Attorney General, for the appellee, Steve R. Dozier, Criminal Court Judge for the 20th Judicial District.

_____

[1] Sitting by designation.

## OPINION

## I.    BACKGROUND

In March 2019, James R. Wilson ("Petitioner") sought access to the audio recordings of his post-conviction hearing conducted on March 2, 2004, before the Honorable Steve Dozier, Criminal Court Judge for the 20th Judicial District. Petitioner sent public records requests to the court reporter at the hearing; Howard Gentry, the Criminal Court Clerk; and the Office of Trial Administrator at the Metropolitan Courthouse. Mr. Gentry advised Petitioner that the records were not in his possession. He also forwarded the request to the Criminal Court. Judge Dozier denied the request, by order filed on May 3, 2019. The order provided, in pertinent part, as follows:

> After a thorough review of [Petitioner's] request, the Court respectfully denies [the] request. A transcript of the requested hearing was generated, and that transcript is the official record of the Court. While the written transcript is certified by the official court reporter to be a true[,] accurate[,] and complete transcript of the proceeding, audio-visual recordings of proceedings in this Court cannot be certified. Rather than constituting an official record of what occurred in the proceedings in this Court, audio-visual recordings are made for the purpose of aiding the court reporter in generating the transcript. The recordings do not only contain recordings of the statements which are publicly audible, but also include records of conversations occurring at counsel's table for both the State and the Defendant, as well as comments by Judge Dozier to his staff. Under Davidson County Local Rules, no one is to have access to the audio-visual recordings of court proceedings except for "Judges, Chancellors, and full time court staff" absent written authorization from the affected Judge, and the recordings of those proceedings are to be password protected. Accordingly, these recordings are generated solely for the Court's internal use and are generally protected. Thus, for the foregoing reasons, absent additional information regarding why this otherwise protected recording should be made available to the public, the Court finds that [Petitioner] is not entitled to the audio recording he has requested. Accordingly, [the] request must be respectfully denied.

(Citations omitted.).

Petitioner then filed this petition for a writ of mandamus in the Chancery Court for Davidson County against Mr. Gentry and Judge Dozier (collectively "Respondents"). Petitioner sought disclosure of the audio recordings pursuant to the Tennessee Public Records Act. Further, he claimed that Judge Dozier's order denying such request was an unlawful interference with his request and was entered without subject matter

jurisdiction. Petitioner asserted that he never sought to certify the recording as the official record but that he merely sought to establish a variance between the transcript and what actually occurred at the hearing,

Mr. Gentry issued a response in which he asserted that the records requested were not in his possession or in the possession of the Criminal Court Clerk's Office. Judge Dozier filed a motion to dismiss, arguing, inter alia, that the requested records were exempt from disclosure. Mr. Gentry joined in the motion.

The case proceeded to a hearing, after which the trial court denied the petition and entered an order of dismissal. As pertinent to this appeal, the court found as follows:

> Judge Dozier also moves for dismissal of the Petition claiming the recordings are exempt from disclosure under Tennessee Supreme Court Rule 34(2)(C), which states:
>
>> The following Court Records [] shall be treated as confidential and shall not be open for inspection by members of the public:
>>
>> * * *
>>
>> (v) . . . electronic records . . . created or received as part of a court's judicial or administrative deliberative process[.]
>>
>> * * *
>>
>> (viii) Any other . . . electronic record the disclosure of which would frustrate or interfere with the judicial function of the courts or potentially undermine the inherent constitutional powers granted the court[.]
>
> As explained in Judge Dozier's [order], the recordings of the type requested by Petitioner are made to aid the court reporter in generating the official transcript, which is the official record of the Court. Beyond publicly audible statements, the recordings potentially include private conversations between Petitioner and his counsel, and comments by the Court to its staff. Accordingly, this Court finds the audio recordings constitute electronic records created as part of the court's judicial process, the disclosure of which would frustrate or interfere with the judicial function of the Court.

Petitioner filed a timely appeal.

## II.     ISSUES

We consolidate and restate the issues on appeal as follows:

A.     Whether the Chancery Court lacked subject matter jurisdiction to rule upon the petition.

B.     Whether the Chancery Court erred in dismissing the petition.

## III.     STANDARD OF REVIEW

This appeal involves issues of law.  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV.     ANALYSIS

### A. & B.

As a threshold issue, Respondents argue that the Chancery Court lacked subject matter jurisdiction to consider the petition to issue a writ of mandamus to compel the production of the audio recordings.  Respondents explain that a writ must issue from a court of superior jurisdiction. *Blair v. Justice's Court of Memphis, Cnty. of Shelby, State*, No. 65, 1990 WL 188629, at *1 (Tenn. Ct. App. Dec. 3, 1990) (agreeing with the State that "trial court may not issue a writ of mandamus to compel a judge of a co-equal court to take action").  Accordingly, Respondents claim that the Chancery Court may not interfere with the Criminal Court in its performance of its duties.  We acknowledge this fact; however, Petitioner issued his public records request to Mr. Gentry, the Criminal Court Clerk, and others similarly situated as presumably in charge of such records.

Petitioner then filed his petition pursuant to the Tennessee Public Records Act, which provides in pertinent part, as follows:

(a)(1)(A) As used in this part and title 8, chapter 4, part 6, "public record or records" or "state record or records" means all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental agency.

* * *

> (2)(A) All state, county and municipal records shall, at all times during business hours . . . be open for personal inspection by any citizen of this state, *and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.*

Tenn. Code Ann. § 10-7-503(a) (emphasis added). Further, Tennessee Code Annotated section 10-7-505 provides, in pertinent part, as follows:

> (a) Any citizen of Tennessee who shall request the right of personal inspection of any state, county or municipal record as provided in § 10-7-503, and whose request has been in whole or in part denied by the official and/or designee of the official or through any act or regulation of any official or designee of any official, shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access.

> (b) Such petition shall be filed in the chancery court or circuit court for the county in which the county or municipal records sought are situated, or in any other court of that county having equity jurisdiction. In the case of records in the custody and control of any state department, agency or instrumentality, such petition shall be filed in the chancery court or circuit court of Davidson County; or in the chancery court or circuit court for the county in which the state records are situated if different from Davidson County, or in any other court of that county having equity jurisdiction; or in the chancery court or circuit court in the county of the petitioner's residence, or in any other court of that county having equity jurisdiction. Upon filing of the petition, the court shall, upon request of the petitioning party, issue an order requiring the defendant or respondent party or parties to immediately appear and show cause, if they have any, why the petition should not be granted. A formal written response to the petition shall not be required, and the generally applicable periods of filing such response shall not apply in the interest of expeditious hearings. The court may direct that the records being sought be submitted under seal for review by the court and no other party. The decision of the court on the petition shall constitute a final judgment on the merits.

In consideration of the foregoing, we conclude that the Chancery Court had jurisdiction to consider a petition for access to such records.

- 5 -

Here, Petitioner filed a petition for a writ of mandamus. "A writ of mandamus is an extraordinary remedy that may be issued where a right has been clearly established and 'there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled.'" *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 479 (Tenn. 2004) (quoting *Meighan v. U.S. Sprint Commc'ns Co.*, 942 S.W.2d 476, 479 (Tenn. 1997)); *see also State ex rel. Ragsdale v. Sandefur*, 389 S.W.2d 266, 269 (Tenn. 1965) ("The writ of mandamus is the proper remedy where the proven facts show a clear and specific legal right to be enforced or a duty which ought to be and can be performed, and relator has no other specific or adequate remedy."). The filing of a petition for a writ of mandamus was not warranted in this case given the remedy afforded by the legislature in Tennessee Code Annotated section 10-7-505, namely the filing of a petition to obtain judicial review of the actions taken to deny access to the requested record.[2]

In the event of further appellate review and given Petitioner's status as a pro se litigant, we will review the court's denial of the petition and dismissal of the action. *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) ("Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.") (citations omitted). The Tennessee Public Records Act provides that all public records, including sound recordings, must be made available and open for personal inspection unless otherwise provided by state law. Tenn. Code Ann. § 10-7-503(a). As noted by the trial court, Rule 34(2)(C) of the Tennessee Supreme Court Rules provides, in pertinent part, as follows:

> (C) The following Court Records shall be treated as confidential and shall not be open for inspection by members of the public:
>
> * * *
>
> (v) Written or electronic conference records, notes, memoranda, reports, or other documents of a similar nature prepared by a judge, judicial staff, or Administrative Office of the Courts on behalf of, or at the direction of, a court or judge. This includes written or electronic records, notes, memoranda, reports, or other documents of a similar nature created or received as part of a court's judicial or administrative deliberate process unless intentionally filed as part of the Case Record;
>
> * * *

---

[2] The court declined to grant dismissal of the petition based upon this distinction because Petitioner's attempt to gain access to the records through the Tennessee Public Records Act was ineffective.

(viii) Any other written or electronic record the disclosure of which would frustrate or interfere with the judicial function of the courts or potentially undermine the inherent constitutional powers granted the court, in addition to the powers recognized in Tennessee Code Annotated sections 16-3-501 through 16-3-504.

We, like the trial court, believe that the recordings at issue were made to aid the court reporter in generating the official transcript and that the recordings constitute electronic records created as part of the court's judicial process, the disclosure of which would frustrate or interfere with the judicial function of the court. The record reflects that Petitioner was provided with a copy of the official transcript that was certified by the trial court. With the above considerations in mind, we affirm the denial of the petition and the dismissal of the suit. All other tangential issues raised by Petitioner in his brief are pretermitted as moot.

## V.    CONCLUSION

The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, James R. Wilson.

_____
JOHN W. MCCLARTY, JUDGE