IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2025 Session

**SHELBY COUNTY, TENNESSEE v. STEPHANIE TAYLOR ET AL.**

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-0787    James R. Newsom, Chancellor**
_____

**No. W2024-01756-COA-R3-CV**
_____

Appellant appeals the trial court's dismissal of her petition for writ of mandamus. Because Appellant improperly joined her original mandamus action with Appellee's petition for judicial review, an appellate action, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CARMA DENNIS MCGEE and VALERIE L. SMITH, JJ., joined.

Murray B. Wells, Memphis, Tennessee, for the appellant, Stephanie Taylor.

Jasen M. Durrence, Memphis, Tennessee, for the appellee, Shelby County Government.

**OPINION**

**I. Background**

On January 23, 2017, Appellee Shelby County, Tennessee terminated Appellant Stephanie Taylor's employment with the Shelby County Human Resources Department. On January 27, 2017, Appellant appealed to the Shelby County Civil Service Merit Board (the "Board"). On March 21, 2017, the Board heard the appeal. By order of March 31, 2017, the Board overturned Appellant's termination and reinstated her with "full back pay." The Board's order did not specify the amount of back pay owed nor how it should be calculated.

On May 26, 2017, Appellee filed a petition for certiorari, a writ of supersedeas, and a petition for judicial review ("Appellee's Petition") in the Chancery Court of Shelby

County ("trial court").  Under the writ of supersedeas, Appellee asked the trial court to stay the Board's order pending the litigation.  Appellee also asked the trial court to reverse the Board's order reinstating Appellant with back pay.  That same day, the trial court signed the fiat and ordered that a writ of certiorari and a writ of supersedeas be issued.  Accordingly, Appellant's reinstatement and back pay were suspended pending resolution of the litigation.  On March 8, 2018, Appellant filed an answer to Appellee's Petition.

Over the next several years, the parties attempted to engage in settlement negotiations but were unsuccessful.  On January 19, 2022, Appellee filed a notice of voluntary dismissal, asking the trial court to enter an order dismissing its petition.  That day, Appellee sent Appellant a letter informing her of her reinstatement, effective February 1, 2022.  With the letter, Appellee enclosed two checks issued to Appellant: one for $7,215.45, constituting back pay, and one for $2,701.42, representing post-judgment interest.  The letter indicated that Appellant's back pay was calculated from her last day of employment on January 23, 2017, through March 31, 2017, the date the Board ordered her reinstatement.

On January 26, 2022, Appellant filed a "Verified Petition for Issuance of a Writ of Mandamus" ("Appellant's Petition"), discussed further *infra*, asking the trial court to reinstate her to her position "with full back pay and all benefits[.]"

On January 28, 2022, the trial court entered an order on Appellee's voluntary nonsuit.  In the order, the trial court: (1) confirmed that Appellee's Petition would be dismissed with prejudice; (2) lifted the writ of supersedeas; (3) assessed court costs and fees to Appellee; and (4) stated that the order constituted a final order "resolving all issues raised in [Appellee's] Petition."

On February 25, 2022, Appellee filed a motion to dismiss Appellant's Petition for failure to state a claim upon which relief could be granted.  On August 2, 2022, Appellant filed a response to the motion to dismiss, and, on August 3, 2022, Appellant filed a supplemental response.  On September 15, 2022, the trial court ordered the parties to mediation, which was unsuccessful.  On December 15, 2023, Appellant filed a "Memorandum of Law in Explanation of the Proper Calculations of Back[]pay" ("Proper Calculations of Back Pay Memo").  Therein, Appellant referenced other administrative appeals involving Appellee and asked the trial court to follow Appellee's procedures from those cases to define back pay in this case.

On September 26, 2024, the trial court heard the motion to dismiss, and, by order of October 25, 2024, granted it.  Relying on ***Goodwin v. Metropolitan Board of Health***, 656 S.W.2d 383 (Tenn. Ct. App. 1983), discussed further *infra*, the trial court concluded that Appellant's writ of mandamus "d[id] not lie" with the trial court.  Appellant filed a timely notice of appeal.

## II. Issues

Appellant raises two issues for our review, as stated in her brief:

1. Whether the [Chancery] Court erred when it applied *Goodwin v. Metropolitan Board of Health* to grant a motion to dismiss a writ of mandamus?

2. Whether the [Chancery Court] erred when it declared that it possessed no jurisdiction over a writ of mandamus when a petitioner's writ of certiorari and writ of supersedeas was voluntarily dismissed, while the petitioner has still failed to comply with the previously-disputed order?

## III. Standard of Review

This case was decided on a grant of Appellee's motion to dismiss. The resolution of a Tennessee Rule of Civil Procedure 12.02 motion to dismiss is determined by an examination of the pleadings alone. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)). In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med of Am., Inc.*, 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).

## IV. Analysis

This case arises from Appellee's petition for judicial review, which was filed in the trial court. Briefly, judicial review is available to "[a]nyone who may be aggrieved by any final order or judgment of any board or commission," Tenn. Code Ann. § 27-9-101; Tenn. Code Ann. § 4-5-322(a)(1), and is conducted in conformity with the judicial review standards set out in the Uniform Administrative Procedures Act ("APA") at Tennessee Code Annotated section 4-5-322. Tenn. Code Ann. § 27-9-114(b)(1). "Under the []APA, administrative agency decisions are subject to chancery court review that is conducted without a jury *and is limited to the administrative record*." *City of Memphis v. Civ. Serv.*

***Comm'n of City of Memphis***, 238 S.W.3d 238, 242 (Tenn. Ct. App. 2007) (citing Tenn. Code Ann. § 4-5-322(g)) (providing, however, that review of procedural errors is not limited to the administrative record) (emphasis added). As such, when hearing a petition for judicial review, the chancery court acts in a reviewing or appellate capacity, rather than as a factfinder or trial court. This Court has explained the appropriate standard for review in these cases:

> [W]hile judicial review under the common law writ does not involve review of the intrinsic correctness of the lower tribunal's decision, ***Willis [v. Tennessee Dep't of Correction***, 113 S.W.3d 706, 712 (Tenn. 2003)]; ***Robinson v. Traughber***, 13 S.W.3d 361, 364-[6]5 (Tenn. Ct. App. 2000); ***Turner v. Board of Paroles***, 993 S.W.2d 78, 81 (Tenn. Ct. App. 1999), and a reviewing court may not reweigh the evidence presented to the board, ***Gallatin Hous. Auth. v. City of Gallatin***, 868 S.W.2d 278, 280 (Tenn. Ct. App. 1993); ***Hoover v. Metropolitan Bd. of Zoning Appeals***, 924 S.W.2d [900,] 904 [[Tenn. Ct. App. 1996)], a court is required to review the record of the board's proceeding to determine whether there is material evidence to support the board's conclusion.

***Watson v. City of LaVergne***, No. M2006-00351-COA-R3-CV, 2007 WL 1341767, at *3 (Tenn. Ct. App. May 7, 2007). In its petition, Appellee asked the trial court to review the administrative record and reverse the Board's order reinstating Appellant with back pay.

As discussed above, one week after Appellee filed for voluntary dismissal of its petition for judicial review, Appellant filed her petition. In relevant part, her petition states:

> COMES NOW Cross-Petitioner Stephanie Taylor and respectfully submits this Petition for Judicial Review pursuant to Tennessee Code Annotated § 27-9-101 et seq., § 4-5-322, § 29-25-101, and § 29-25-102(1), and 42 USC § 1983 and requests this Honorable Court to issue a Writ of Mandamus commanding Cross-Respondent to reinstate Cross-Petitioner with full back pay and all benefits as the Civil Service Merit Board reversed Cross-Petitioner's discipline as unreasonable on March 31, 2017.[1]

***

---

[1] We note that, in her appellate brief, Appellant made no argument concerning her 1983 claim, merely stating in a footnote that the trial court did not consider it when granting the motion to dismiss. As such, Appellant has waived any argument concerning the 1983 claim, and we will not address it. *See **Sneed v. Bd. of Pro. Resp. of Supreme Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

- 4 -

9. Cross-Respondent filed a timely appeal [i]n this matter, but has wholly failed to prosecute its appeal and now seeks to dismiss its appeal voluntarily without this [c]ourt's determination of the loss and benefits due to Cross-Petitioner[.]

10. Cross-Petitioner has the right to immediate reinstatement notwithstanding the pendency of any petition for judicial review of the [Board's] decision.

11. Cross-Respondent has a non-discretionary duty to immediately comply with the [Board's] decision ordering Cross-Petitioner's reinstatement.

12. Cross-Petitioner has not been paid her Shelby County salary since January 23, 2017 which adversely impacts her ability to support her family[.]

13. Cross-Respondent's conduct is also a violation of the Cross-Petitioner's due process rights in that she has been deprived of her property without a hearing[.]

14. Cross-Petitioner has no other adequate remedy at law to enforce the [Board's] decision ordering her immediate reinstatement.

As set out in Appellant's Petition, she requested the following relief: (1) issuance of a writ of mandamus requiring Appellee to reinstate Appellant with back pay and full benefits in accordance with the Board's order;[2] and (2) a judgment awarded to Appellant "for the costs and expenses of having to bring this cause including, but not limited to, reasonable attorney fees and expenses in accordance with 42 U.S.C. § 1988[.]"  As noted above, before Appellant filed her petition, Appellee filed a notice of voluntary dismissal of its petition, *i.e.,* Appellee notified the trial court and Appellant that it was no longer contesting the Board's reinstatement of Appellant.  Accordingly, Appellant's request that the trial court reinstate her was moot before she filed her petition.  Also, the same day Appellee filed its notice of dismissal, it sent Appellant two checks: one for back pay and one for post-judgment interest.  As discussed further below, although not stated specifically in her petition, we glean that Appellant's issue with back pay concerned whether Appellee tendered the "proper" amount.  In short, the gravamen of the parties' dispute is *how* Appellant's back pay should be calculated.

---

[2] Appellant's Petition also asked that, upon an evidentiary hearing, the trial court reverse the decision of the Board "to improperly and arbitrarily sustain [Appellee's] termination of [Appellant]."  Given that the Board reversed Appellant's termination from employment, we deduce that this requested relief was a pleading mistake.

One month after Appellant filed her petition, Appellee filed a motion to dismiss it for failure to state a claim. First, Appellee argued that the petition was procedurally defective because: (1) Appellant was not the proper party to bring a crossclaim under Tennessee Rule of Civil Procedure 13.07; and (2) the trial court could not interpret the petition as a counterclaim under Tennessee Rule of Civil Procedure 13.02 because it would be asked to consider facts not presented to the Board and not in the administrative record. Next, Appellee argued that the petition failed to state a claim because the petition: (1) was moot; (2) did not set out a viable case for mandamus; and (3) did not state a claim for relief under 42 U.S.C. § 1983.

In her response to the motion to dismiss, Appellant argued that: (1) Appellee failed to satisfy the Board's order when it failed to follow its own procedure for calculating back pay; (2) the amount of back pay Appellee offered Appellant was insufficient; (3) Appellee waived its right to mitigate damages; (4) because Appellee did not satisfy the Board's order, issuance of a writ of mandamus was appropriate; and (5) Appellant's petition was proper either as a crossclaim or a counterclaim. One day later, Appellant filed a supplemental response, arguing that Appellee was "fully aware of the appropriate calculation of back pay" and attached to the response a letter *concerning a different administrative appeal* from an assistant county attorney to Appellant's counsel. In the letter, the assistant county attorney wrote that "an employee's back pay will continue to accumulate during the pendency of his or her appeal to the Board, and during any appeal after the Board's decision." Over one year later, Appellant filed the Proper Calculations of Back Pay Memo. Therein, Appellant again referenced *other administrative appeals involving Appellee* before concluding that the trial court should enter an order "requiring [Appellee] to utilize its Human Resources Department to calculate full back[]pay, including benefits, matching compensation, vacation and sick time, raises and interest and any other monies [Appellant] has lost as a result of her wrongful termination up and thru [sic] the time the [trial c]ourt issues" its order.

Appellant seeks relief by writ of mandamus. Circuit and chancery courts are given authority to hear writs of mandamus under Tennessee Code Annotated section 29-25-101. The purpose of a mandamus action is to command a defendant to perform a required act. Tenn. Code Ann. § 29-25-102. "The general rule regarding the issuance of a writ of mandamus is that the writ is not issued to control or coerce discretionary power by a board or officer [] but will lie to enforce the performance of an official duty and to compel the exercise of power." ***Tusant v. City of Memphis***, 56 S.W.3d 10, 18 (Tenn. Ct. App. 2001). The Tennessee Supreme Court has explained:

> A writ of mandamus is an extraordinary remedy that may be issued where a right has been clearly established and "there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled." ***Meighan v. U.S. Sprint Communications Co.***, 942 S.W.2d 476, 479 (Tenn. 1997). Although most often addressed to ministerial acts, mandamus may be

addressed to discretionary acts when an act is "'arbitrary and oppressive'" or where there has been a "'plainly palpable'" abuse of discretion. *Id.* (quoting *Peerless Constr. Co. v. Bass*, [] 14 S.W.2d 732, 733 ([Tenn.] 1929)).

*Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 479 (Tenn. 2004).

In the hearing on the motion to dismiss, the trial court asked Appellant's counsel to clarify how mandamus may be used in this case, to which Appellant's counsel responded:

> You're [(the trial court)] stepping in and saying Shelby County, there's no issues. You have to return her to work, and you have to give her back pay. And here's -- **and you have to calculate the back pay correctly**. You're doing what Shelby County is refusing to do on its own because they know it will cost them a bunch of money and they have to go to the County Commission for approval because they let the thing stew for five years.

(Emphasis added). As noted above, at the time Appellant filed her petition, Appellee had notified her of her reinstatement. Accordingly, the focus of Appellant's argument for writ of mandamus concerned the back pay award. In short, although Appellee issued a check to Appellant representing her back pay, Appellant disputed the *amount* and asked the trial court to order Appellee to "correctly" calculate Appellant's back pay and compensate her with same. The issue with Appellant's argument and request is that, in its order, the Board provided neither the amount of back pay owed to Appellant nor how to calculate it, and there is no evidence in the *administrative record* concerning this question. As such, Appellant essentially asked the trial court to: (1) determine *how* to calculate back pay; (2) *make its own calculation* as to the amount of Appellant's back pay; and (3) order Appellee to pay Appellant that amount. Recognizing this request, the trial court properly applied *Goodwin* and dismissed Appellant's Petition.

In *Goodwin*, Elsie Goodwin was terminated from her employment as a home health aid with the Metropolitan Board of Health ("Board of Health"). *Goodwin*, 656 S.W.2d at 386. Mrs. Goodwin appealed to the Board of Health, which upheld the termination. *Id.* Thereafter, Mrs. Goodwin filed a petition for certiorari, requesting that the chancery court review the Board of Health's decision. *Id.* Also in the petition, Mrs. Goodwin sought additional relief from the chancery court in the form of a declaratory judgment action. *Id.* The chancery court affirmed the Board of Health's decision and dismissed Mrs. Goodwin's declaratory judgment action. *Id.* On appeal, this Court held that the chancery court should have dismissed the declaratory judgment action at the outset because it is impermissible to join an appeal from an action of a board, *i.e.,* a petition for judicial review, with an original action in the trial court, to-wit:

> [W]e wish to heartily condemn that which appears to us to be a growing practice, *i.e.*, the joinder of an appeal with an original action and the

simultaneous consideration of both at the trial level. This Court is of the firm opinion that such procedure is inimical to a proper review in the lower certiorari [c]ourt and creates even greater difficulties in the Court of Appeals. The necessity of a separation of appellate review of a matter and trial of another matter ought to be self[-]evident. In the lower [c]ourt one is reviewed under appropriate [a]ppellate rules and the other is tried under trial rules. In this Court our scope of review is dependent upon the nature of a proceeding. In this case one matter would be limited by rules of certiorari review and the other would be reviewed under 13(d), Tennessee Rules of Appellate Procedure. Like water and oil, the two will not mix.

*Goodwin*, 656 S.W.2d at 386. The holding in *Goodwin*, *i.e.*, that "[a] direct or original action cannot be brought in conjunction with an action that is appellate in nature, such as a judicial review under the APA," has been consistently affirmed by this Court. *Universal Outdoor, Inc. v. Tenn. Dep't of Transp.*, No. M2006-02212-COA-R3-CV, 2008 WL 4367555, at *9 (Tenn. Ct. App. Sept. 24, 2008); *see also State v. Farris*, No. W2017-00438-COA-R3-CV, 562 S.W.3d 432, 447-48 (Tenn. Ct. App. 2018) (affirming the dismissal of plaintiff's regulatory taking claim because he "sought . . . an appellate review," so "his claims invoking the original jurisdiction of the chancery court, including his regulatory taking claim[,] could not be joined in th[e same] proceeding"); *State ex rel. Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991) ("[I]t is impermissible to join an appeal from an action of a board with an original action in the trial court."). This is so even when the original action is the *respondent's counterclaim* rather than an original action of the petitioner who brought the petition for judicial review, *see Holzinger v. Indus. Dev. Bd. of Cnty. of Montgomery*, No. 01A01-9711-CV-00685, 1999 WL 10079, at *2-4 (Tenn. Ct. App. Jan. 11, 1999) ("a party may not assert a counterclaim when the claim of the opposing party is an appeal to the trial court from a decision rendered during an administrative proceeding"), and when a petition for judicial review has been previously dismissed leaving only the original action. *See Groves v. Tennessee Dep't of Safety & Homeland Sec.*, No. M2016-01448-COA-R3-CV, 2018 WL 6288170, at *6 (Tenn. Ct. App. Nov. 30, 2018).

On appeal, Appellant argues that *Goodwin* is inapplicable and that the question of how much back pay she is owed is one of *law* rather than *fact*. She argues that "[t]here is no need for new facts outside of the record to determine what back [] pay legally means." Although Appellant argues that "[t]he law is clear on how back [] pay should be calculated[,]" her only authority for this statement are her own responses to Appellee's motion to dismiss her petition. Therein, she cited *Shelby County v. Morris*, No. W2019-00049-COA-R3-CV, 2019 WL 6842377 (Tenn. Ct. App. Dec. 16, 2019), arguing that it is similar to the case *sub judice*. We need not analyze *Morris* because *the amount* of Gary Morris' back pay award was not at issue, so the case is not applicable here. We also note that, as part of her response to the motion to dismiss, Appellant cited Appellee's filing, *in the chancery court case involving Mr. Morris*, wherein Appellee discussed how *Mr.*

- 8 -

*Morris'* back pay was calculated. Respectfully, the Morris filing does not constitute the law on how back pay is calculated. From Appellant's filings in the trial court, it is clear that she asked the trial court to calculate *her* back pay award using information that Appellant's attorney acquired from *other administrative appeals* involving Appellee, rather than from any evidence in this case's administrative record. In short, Appellant asked the trial court *to consider new evidence*, *i.e.,* a letter from opposing counsel for Appellee and Appellee's filing in another administrative appeal, to make *findings of fact* in this case*, i.e.,* to calculate Appellant's back pay. In so doing, Appellant asked the trial court to use its original jurisdiction to hear her petition, which was filed in a case that originated under the trial court's appellate jurisdiction, *i.e.,* Appellee's petition for judicial review. This is the very practice that **Goodwin** and its progeny condemn.

Furthermore, the relief Appellant seeks is unavailable in a mandamus action. It is well-established that "[t]he office of mandamus is to execute, not adjudicate." **State ex rel. Weaver v. Ayers**, 756 S.W.2d 217, 221 (Tenn. 1988) (quoting **Peerless Const. Co.**, 14 S.W.2d at 732). In mandamus actions, courts do not "ascertain or adjust mutual claims or rights between the parties." **Id.** Indeed, "mandamus will not lie to establish as well as enforce a claim of uncertain merit." **Id.** Here, there is no evidence in the administrative record concerning how Appellee should calculate Appellant's back pay award, and the Board's order is silent as to the amount of back pay. Therefore, the question of the "correct" amount of Appellant's back pay remains uncertain. Although Appellant asks this Court to determine the "legal definition" of back pay, she has provided no *authority* to support such determination, and the procedures outlined in *other* administrative appeals are not binding in this case. In short, neither this Court nor the trial court can grant Appellant the relief she seeks.[3] Accordingly, we affirm the trial court's dismissal of her

---

[3] For completeness, we also note that a writ of mandamus may be issued when "there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled." **Meighan**, 942 S.W.2d at 479. Here, Appellant asked the courts to adjudicate the "correct" calculation of her back pay award. Appellee argues that Tennessee Code Annotated section 4-5-322(e) could have provided Appellant with a procedure to obtain this calculation from *the Board, i.e.,* the factfinder in this case. The statute provides that, in a petition for judicial review,

> [i]f, before the date set for hearing [before the chancery court], application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, *the court may order that the additional evidence be taken before the agency upon conditions determined by the court*. *The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings or decisions with the reviewing court*.

Tenn. Code Ann. § 4-5-322(e) (emphasis added). Appellee argues that, under this statute: (1) Appellant could have presented additional evidence concerning the alleged "proper" back pay calculation to the Board; and (2) the Board could have amended its order to include a definite back pay amount to be awarded to Appellant. Because Appellant did not avail herself of this procedure and because the statute's application

Petition.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed to the Appellant, Stephanie Taylor. Execution for costs may issue if necessary.

<u>   s/ Kenny Armstrong       </u>
KENNY ARMSTRONG, JUDGE

---

to this case is not at issue in this appeal, we do not analyze it further.